IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00080 (02) SOM-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING PARTIAL |
| vs. | ) | WAIVER OF ATTORNEY-CLIENT |
| | ) | PRIVILEGE WITH RESPECT TO |
| RODNEY JOSEPH, JR.,   (02) | ) | DEFENDANT'S MOTION TO |
| | ) | SUPPRESS STATEMENT AND |
| Defendant. | ) | EVIDENCE |
| | ) | |
| _____ | ) | |

ORDER REGARDING PARTIAL WAIVER OF
ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO
DEFENDANT'S MOTION TO SUPPRESS STATEMENT AND EVIDENCE

I.        INTRODUCTION.

On August 1, 2007, Defendant Rodney Joseph, Jr., filed a motion to suppress a videotaped, audiotaped, and transcribed statement that he had provided to Honolulu Police Department detectives on January 8, 2004, as well as any evidence seized as the result of that statement.  Joseph's motion claimed, inter alia, that he was denied effective assistance by his then counsel, Christopher R. Evans.  Defendant's Motion to Suppress Statement and Evidence at 5-7, 8-15 (August 1, 2007).

The Government sought an order determining that Joseph had waived the attorney-client privilege he had with Evans. Joseph argued that it was unnecessary for him to waive the attorney-client privilege because his ineffective assistance of counsel claim was demonstrated by the videotape of his statement.

In fairness to the Government, this court determined that Joseph had waived the attorney-client privilege with respect to all communications he had had with Evans, to the extent those communications were relevant to any of Joseph's ineffective assistance of counsel claims raised in his motion to suppress. The Government may therefore interview, obtain a statement, or call Evans as a witness in connection with Joseph's motion to suppress.  However, the Government may not use Evans's statements or call him as a witness in any other proceeding, unless Joseph opens the door by, for example, taking the stand and testifying at trial contrary to what Evans has stated.

II.       LEGAL STANDARD.

        To make a claim for ineffective assistance of counsel, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. 668, 690 (1984). The defendant must show that the mistakes made by his counsel resulted in prejudice.  "Generally, there must be a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Perez v.

Rosario, 459 F.3d 943, 946 (9th Cir. 2006) (quoting Strickland
466 U.S. at 694).

Questioning the performance of a lawyer during a case
has been widely recognized as a waiver by the client of the
attorney-client privilege that the client has with respect to the
lawyer.  See Bittaker v. Woodford, 331 F.3d 715, 716, 718 (9th
Cir. 2003).  This long-standing rule is often described as either
the "fairness principle" or the prevention of a client from using
the attorney-client privilege "as both a shield and a sword."
Id. at 719 (citing United States v. Amlani, 169 F.3d 1189, 1196
(9th Cir. 1999), Chevron Corp. v. Pennzoil Co., 974 F.2d 1156,
1162 (9th Cir. 1992)).  The practical effect of the rule is that
clients "may not abuse the privilege by asserting claims the
opposing party cannot adequately dispute unless it has access to
the privileged materials."  Bittaker, 331 F.3d at 719.  As a
result, a party asserting claims of ineffective assistance of
counsel implicitly waives the attorney-client privilege with
respect to those claims.

This implied waiver does not require categorical
disclosure of privileged materials.  Id. at 720.  The client may
elect to "preserve the confidentiality of the privileged
communications by choosing to abandon the claim that gives rise
to the waiver condition."  Id. at 721 (citation omitted).
Alternatively, the client who elects to litigate a claim against

his or her former counsel "must waive [his or her] privilege to the extent necessary to give [his or her] opponent a fair opportunity to defend against it." Id. at 720 (citing Amlani, 169 F.3d at 1195).

The implied waiver must be "no broader than needed to ensure the fairness of the proceedings . . . . Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose." Id. at 720. Thus, if the privilege holder elects to pursue a claim against prior counsel, the implied waiver must be "closely tailored . . . to the needs of the opposing party in litigating the claim in question." Id. at 720 (citing Kerr v. U.S. Dist. Court, 426 U.S. 394, 405 (1976)).

III.    ANALYSIS.

As the court stated at the hearing, Joseph's motion to suppress does not, in fairness, require a waiver of the entire attorney-client privilege he had with his former counsel, Evans. Nevertheless, the motion raises issues that, in fairness to the Government, require a partial waiver of that privilege.

Joseph argues that Evans was ineffective in that Evans:

        (1) did not visit the scene of the shooting
        or make any effort to identify or speak with
        any witnesses; (2) conducted no other
        investigation of the shooting incident;
        (3) had no contact with the prosecutor's
        office regarding a plea agreement or an
        agreement limiting the use of Joseph's
        statement; (4) assured Joseph a plea

4

agreement was a distinct possibility even
though Evans had not spoken with the
prosecutor's office about such an agreement;
(5) instructed Joseph to speak without regard
to the consequences where Evans had obtained
no agreement limiting use of the statement;
(6) falsely assured Joseph his statement
would remain confidential; and (7) invited
police to ask Joseph questions without
<u>Miranda</u> warnings, allowing Joseph freely to
participate in the "offer of proof" without
the benefit of such warnings.

Defendant's Opposition to Government's Motion for Order Finding

Waiver of Attorney-Client Privilege With Respect to Defendant's

Instant Motion to Suppress Statement and Evidence at 6-7 (October

15, 2007).  Joseph's ineffective assistance of counsel claims

implicitly waive his attorney client privilege with respect to

all of those claims.  The scope of that waiver must be tailored

to Joseph's claims.  <u>Bittaker</u>, 331 F.3d at 720.  Given the

breadth of the claims, the privilege is waived with respect to

all communications between Evans and Joseph that occurred before

Joseph gave a statement to Honolulu Police Department detectives

and that related to the Pali Golf Course shootings or to events

or circumstances leading up to the shootings.

In connection with Joseph's motion to suppress, the

Government may freely interview and may use statements by Evans

concerning Joseph's ineffective assistance of counsel claims.

The Government may also call Evans as a witness in connection

with Joseph's motion to suppress based on Evans's alleged

ineffective assistance of counsel.  The Government, however, may

not use any statement or call Evans in further proceedings

unrelated to Joseph's motion to suppress based on alleged ineffective assistance of counsel.  Only if Joseph opens the door at trial by himself testifying or by presenting evidence contrary to what Evans has stated may the Government call Evans in rebuttal and use Evans's statements to impeach Joseph's evidence.

If any party objects to the prohibition on the Government's use of Evans's statement in its case in chief or to the allowing of the use of Evans's statement by the Government in rebuttal if the defense presents contrary evidence, that party should immediately notify the court of such objection.  If possible, any such objection shall be submitted to the court before Evans is even interviewed concerning Joseph's ineffective assistance of counsel claims.

IV.        <u>CONCLUSION</u>.

     The court GRANTS the Government's motion seeking a partial waiver of Joseph's attorney-client privilege with Evans with the limitations provided in this order.

     IT IS SO ORDERED.

     DATED: Honolulu, Hawaii, October 30, 2007.



        <u>/s/ Susan Oki Mollway</u>
        Susan Oki Mollway
        United States District Judge

<u>United States of America v. Rodney Joseph, Jr.</u>, Cr. No. 06-00080 (02) SOM/BMK;
ORDER REGARDING PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEGE WITH RESPECT TO
DEFENDANT'S MOTION TO SUPPRESS STATEMENT AND EVIDENCE.