IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 06-00080 SOM (05) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING RODNEY JOSEPH'S |
| | ) | MOTIONS TO DISMISS (DOCUMENT |
| vs. | ) | NOS. 439 AND 441) |
| | ) | |
| RODNEY JOSEPH (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING RODNEY JOSEPH'S
MOTIONS TO DISMISS (DOCUMENT NOS. 439 AND 441)

I.      INTRODUCTION.

Defendant Rodney Joseph was charged in an eight-count Second Superseding Indictment filed on October 12, 2006, with a RICO violation (Count 1), a RICO conspiracy (Count 2), an illegal gambling business (Count 3), and various violent crimes in aid of racketeering activity, namely assault with a dangerous weapon (Count 4), murder (Counts 6 and 7), and attempted murder (Count 8).[1]

On October 5, 2007, Joseph filed two motions to dismiss Counts 1, 2, 4, 5, 6, 7, and 8 of the Second Superseding Indictment. The first, Document No. 439, argues that those counts should be dismissed because the indictment fails to allege an associated-in-fact enterprise. The second, Document No. 441, argues that those counts should be dismissed as multiplicitous.

---

[1] Count 5 charged other Defendants with assault with a dangerous weapon.

Neither argument is persuasive, and both motions are denied without a hearing.

II.     ANALYSIS.

Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense that "is capable of determination without the trial of the general issue."  A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact.  United States v. Nukida, 8 F.3d 665, 669 (1993).

   A.   Associated-in-Fact Enterprise.

Joseph argues that Counts 1, 2, 4, 5, 6, 7, and 8 of the Second Superseding Indictment should be dismissed for failing to allege an associated-in-fact enterprise.  Joseph says that an associated-in-fact enterprise should have some kind of ascertainable separate structure.  Joseph recognizes that his motion is foreclosed by the Ninth Circuit's en banc decision in Odom v. Microsoft, 486 F.3d 541, 551 (9th Cir.), cert. denied, 128 S. Ct. 464 (2007).  In Odom, the en banc court held that "an associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise," id. at 551, noting that, although there must "be an associated-in-fact enterprise, . . . there is no additional requirement that the enterprise have an 'ascertainable structure.'"  Id. at 551-

2

52. Notwithstanding binding Ninth Circuit case law from an en banc court, Joseph urges this court to follow contrary case law from other jurisdictions. Because this court is bound by Ninth Circuit case law, Joseph's motion to dismiss based on a supposed failure to allege an associated-in-fact enterprise is denied without a hearing.

      B.    <u>Multiplicity.</u>

Joseph next argues that Counts 1, 2, 4, 5, 6, 7, and 8 of the Second Superseding Indictment should be dismissed as multiplicitous. The Double Jeopardy Clause provides three related protections: (1) it prohibits a second prosecution for the same offense after acquittal; (2) it prohibits a second prosecution for the same offense after conviction; and (3) it prohibits multiple punishments for the same offense. <u>United States v. Wilson</u>, 420 U.S. 332, 343 (1975) (en banc). Accordingly, the imposition of multiple trials, multiple convictions, and multiple punishments for the same offense is prohibited by the Double Jeopardy Clause. <u>United States v. Arlt</u>, 252 F.3d 1032, 1035 (9th Cir. 2001).

"An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." <u>United States v. Stewart</u>, 420 F.3d 1007, 1012 (9th Cir. 2005). "However, two counts within an indictment are not multiplicitous

3

if each separately violated statutory provision requires proof of an additional fact which the other does not." Id. (quotations omitted). In other words, offenses are not multiplicitous if they require proof of an element that the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932).

Joseph argues that he is charged with a gambling offense in violation of 18 U.S.C. § 1955 in Count 3 of the Second Superseding Indictment. Because gambling is mentioned in Counts 1, 2, 4, 5, 6, 7, and 8, Joseph argues that those counts should be dismissed as multiplicitous. However, each of the crimes alleged in Counts 1, 2, 4, 5, 6, 7, and 8 contains an element not required for a conviction on Count 3 of the Second Superseding Indictment.

Joseph does not describe how any count contains the same elements as Count 3, an alleged violation of 18 U.S.C. § 1955, which states in relevant part:

> (a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years, or both.
>
> (b) As used in this section--
>
>    (1) "illegal gambling business" means a gambling business which--
>
>       (i) is a violation of the law of a State or political subdivision in which it is conducted;

4

>            (ii) involves five or more persons
> who conduct, finance, manage, supervise,
> direct, or own all or part of such business;
> and
>
>            (iii) has been or remains in
> substantially continuous operation for a
> period in excess of thirty days or has a
> gross revenue of $2,000 in any single day.
>
>        (2) "gambling" includes but is not
> limited to pool-selling, bookmaking,
> maintaining slot machines, roulette wheels or
> dice tables, and conducting lotteries,
> policy, bolita or numbers games, or selling
> chances therein.
>
>        (3) "State" means any State of the
> United States, the District of Columbia, the
> Commonwealth of Puerto Rico, and any
> territory or possession of the United States.

Perhaps Joseph's best argument is that Count 1 charges Joseph with a RICO violation, and Count 2 charges him with a RICO conspiracy based, in part, on an illegal gambling operation.[2] See Second Superseding Indictment, Count 1 ¶ 8 and Count 2 ¶ 2. However, the Ninth Circuit has recognized that "a defendant may be prosecuted for a RICO conspiracy and later for the predicate offenses that constituted a pattern of racketeering activity," even when "the predicate offense is a conspiracy." United States v. Luong, 393 F.3d 913, 914 (9th Cir. 2004).

---

[2] "RICO imposes civil and criminal liability on organizations engaged in 'racketeering activity.' 18 U.S.C. §§ 1962-1964. Racketeering activity, in turn, is defined to include a number of generically specified criminal acts as well as the commission of one of a number of listed predicate offenses." 18 U.S.C. § 1961(1). Sosa v. DIRECTV, Inc., 437 F.3d 923, 939 (9th Cir. 2006).

In Luong, the Ninth Circuit determined that the Double Jeopardy clause did not bar a Hobbs Act conspiracy charge brought after defendants had previously been prosecuted on RICO charges that included a conspiracy to commit the Hobbs Act violations as the predicate act for the RICO prosecution. Id. Luong continued the longstanding rule in the Ninth Circuit that "a defendant can be convicted and separately punished both for the predicate acts which form the basis of a RICO charge, and for a substantive violation of RICO, without violating the Double Jeopardy Clause." United States v. Solano, 605 F.2d 1141, 1143 (9th Cir. 1979). The court is unpersuaded by Joseph's bald assertion that the Ninth Circuit only meant to exempt from the Double Jeopardy prohibition "structural conduct that is separate and apart from predicate offenses." See Memorandum in Support of Motion at 6. Accordingly, there is no Double Jeopardy problem for Joseph to be prosecuted for a RICO or a RICO conspiracy violation, as well as for the predicate acts underlying those charges.

Nor has Joseph demonstrated a Double Jeopardy problem based on his prosecution for the RICO and illegal gambling charges alleged in Counts 1 to 3, as well as for the violent crimes in aid of racketeering ("VICAR") charges, alleged violations of 18 U.S.C. § 1959 set forth in Count 4 (assault with a dangerous weapon), Count 6 (murder), Count 7 (murder), and Count 8 (attempted murder). See United States v. Merlino, 310

6

F.3d 137, 141 (3d Cir. 2002) ("In the indictment before us now, however, he is charged with violating 18 U.S.C. § 1959 , which prohibits the commission of violent crime in aid of racketeering. Because that VICAR offense requires proof of an element that the RICO offense does not, and vice-versa, they are different offenses for the purposes of the Double Jeopardy Clause."); United States v. Marino, 277 F.3d 11, 39 (1st Cir. 2002) ("Many courts, including this one, have considered the issue of whether the double jeopardy clause prohibits separate punishments for a substantive RICO violation as well as its predicate acts. These courts have reached the conclusion that it does not. Here, the VICAR violation is a predicate act as well as its own separate violation. The district court did not err in punishing Marino separately for both offenses."); United States v. Polanco, 145 F.3d 536, 542 (2d Cir. 1998) ("the Second Circuit has already held that the government may prosecute a defendant both under RICO for engaging in a pattern of racketeering activity and also under § 1959 for violent crimes intended to maintain or increase the defendant's position in the RICO enterprise").

     Given Luong and Solano, the differences in the elements of the VICAR charges contained in Counts 4 to 8 and the elements of the RICO and gambling charges alleged in Counts 1 to 3 demonstrate that there is no double jeopardy problem with respect

to the VICAR charges asserted in the Second Superseding Indictment.

Moreover, nothing in the Second Superseding Indictment indicates that the Government in this case is trying to manufacture "a substantial RICO prosecution from a relatively insignificant gambling operation." See Memorandum in Support of Motion at 7.  To the contrary, the VICAR charges allege heinous conduct in furtherance of a racketeering enterprise.

The court is also not persuaded by Joseph's citation of United States v. Gardner, 417 F. Supp. 2d 703 (D. Md. 2006), for the proposition that Counts 1, 2, 4, 5, 6, 7, and 8 should be dismissed as multiplicitous of Count 3.  First, that case is contrary to established Ninth Circuit case law that is binding on this court.  Second, Gardner is also distinguishable on its facts.  In Gardner, the district court in Maryland held that a charge of racketeering conspiracy and a separate charge of conspiracy to commit murder in aid of racketeering essentially sought to punish the same conduct.  Unlike Gardner, the Second Superseding Indictment's counts are not seeking to punish Joseph for the same conduct.  Instead, each count seeks to punish a separate act.  For example, Count 3 seeks to punish Joseph for his alleged involvement with a gambling business.  Count 6, on the other hand, seeks to punish Joseph for an alleged murder that furthered his position in a racketeering enterprise.  Joseph

8

fails to demonstrate that any count of the Second Superseding Indictment charges the same conduct as another count in that indictment.

III.     CONCLUSION.

For the reasons set forth above, Joseph's motions to dismiss (Document Nos. 439 and 441) are denied without a hearing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 21, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Joseph, Crim. No. 06-00080 SOM (02); ORDER DENYING RODNEY JOSEPH'S MOTIONS TO DISMISS (DOCUMENT NOS. 439 AND 441)