```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      ) CRIMINAL NO. 06-00080 (02) SOM
                               )
            Plaintiff,         )
                               ) ORDER REGARDING USE OF
        vs.                    ) PRIVILEGED INFORMATION AS
                               ) REBUTTAL EVIDENCE AT TRIAL
RODNEY JOSEPH, JR.,   (02)     )
                               )
                               )
            Defendant.         )
_____)
```

ORDER REGARDING USE OF PRIVILEGED
INFORMATION AS REBUTTAL EVIDENCE AT TRIAL

Defendant Rodney Joseph has moved to suppress a statement he provided to law enforcement concerning murders occurring at the Pali Golf Course in January 2004. Among the bases of the motion to suppress is Joseph's claim that his former attorney was ineffective in advising him in connection with the making of the statement. This court has previously ruled that, by making this argument, Joseph waives the attorney-client privilege with respect to all matters in which he claims his former attorney was ineffective. United States v. Joseph, 2007 WL 3254850, at *2 (D. Haw. Oct. 30, 2007). Knowing that he has been deemed to waive the privilege, Joseph has elected to proceed with the argument, and the Government has been allowed to interview Joseph's former counsel. A further hearing on the matter is set for January 10, 2008.

While awaiting further briefing by the parties, this court withdrew its earlier ruling that privileged information

could not be used at trial in the Government's case-in-chief but could be used in impeachment or rebuttal if the defense presented evidence contrary to the evidence presented during the suppression hearing.  United States v. Joseph, 2007 WL 4554026, at *1 (D. Haw. Dec. 27, 2007).  At a hearing on December 27, 2007, this court told the attorneys and parties before it that the court would notify them by January 8, 2008, whether the court would allow the Government to use as rebuttal evidence at trial information that the Government obtained through the court-ordered waiver of the attorney-client privilege.  While the Government concedes that it may not use the privileged information in its case-in-chief, the Government urges the court to reinstate its earlier ruling permitting trial use of privileged material for impeachment or rebuttal.  Joseph urges the court to rule that the privileged information may be used only in connection with the suppression motion.

The court is hampered by the paucity of law on the issue.  The closest authority the court and the parties have found is Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003).  In that case, the Ninth Circuit affirmed a district court's discovery order in a federal habeas case that challenged a California state court conviction for multiple murders, and a death sentence.  The petitioner asserted ineffective assistance of counsel, and the district court ruled that discovery of trial

2

counsel's files and depositions of trial counsel could proceed, but that the privileged information could only be used in litigating the federal habeas petition.  The material could not be shared without leave of court with law enforcement or attorneys beyond those litigating the habeas petition and could not be used in any retrial that might result if the habeas petition were granted.  The district court said that either party could seek modification of the order after the entry of final judgment in the habeas proceeding.  The state appealed the discovery order, and the Ninth Circuit, concluding that the order was appealable, affirmed.

> The Ninth Circuit said:
>
> If a prisoner is successful in persuading a federal court to grant the writ, the court should aim to restore him to the position he would have occupied, had the first trial been constitutionally error-free.  Giving the prosecution the advantage of obtaining the defense casefile-and possibly even forcing the first lawyer to testify against the client during the second trial-would assuredly not put the parties back at the same starting gate.

Id. at 722-23.  This court is grateful for the guidance provided by Bittaker and endeavors here to apply the overarching principle that the defendant should be restored to the position he would have had if he had had the benefit of all his constitutional rights.  But see Fears v. Bagley, 2003 WL 23770605, at *3 (S.D. Ohio Aug. 9, 2003)("The Ninth Circuit cites no authority and

gives no reasoning to support its goal of restoring the petitioner to where he was before the first trial.").

The court only wishes that it had appellate guidance in the form of a case closer to the situation before this court. Bittaker was decided in the context of a discovery limitation. A limitation on use of discovery raises issues different from a limitation on use of evidence that is placed in the public case record, and that, given the notoriety of a case, might be widely disseminated in news reports. It was perhaps with that consideration (along with the thought that evidence might develop that would affect the court's ruling) that the district court in that case expressly recognized that a modification of the restriction might become appropriate as the case developed. Bittaker, 331 F.3d at 717 n.1. By contrast, the case now before this court involves evidence that will be presented in open court at an evidentiary hearing.

But that distinguishing feature is not determinative for this court. After all, every day courts rule that highly sensational information is inadmissible. Such information may or may not be disclosed in public filings or in open court, but that is a matter wholly separate from a decision on whether such information should be presented at a trial. A decision on limiting access to evidence is not the same as a decision on admissibility of evidence.

It is a second distinguishing feature about <u>Bittaker</u> that is more troublesome for this court. The Ninth Circuit was faced in <u>Bittaker</u> with the possibility that privileged information might be offered in a retrial that would occur only if the habeas petition were granted. That is, if no constitutional error were found to have infected the original state court trial, the privileged information would not be relevant in future proceedings between the parties. Thus, the Ninth Circuit only had to speak to the situation in which there had been ineffective assistance of counsel or some equivalent flaw in the prior proceedings. For that reason, the Ninth Circuit spoke of restoring the petitioner to the position he would have occupied had there been no such flaw.

By contrast, in the present case, whether this court finds that Joseph had ineffective assistance of counsel or not, there will be further proceedings in this case to which the privileged information is highly likely to be relevant. If Joseph had ineffective assistance of counsel, then this court, extending <u>Bittaker</u>, should restore Joseph to the position he would have occupied absent ineffective assistance of counsel. In that event, it appears to this court that the reasoning of <u>Bittaker</u> counsels this court to bar any use of privileged information at trial, including for impeachment or rebuttal

purposes, in much the same way that privileged information was barred at retrial in Bittaker.

If, however, this court, having received privileged information during the suppression proceedings, determines that Joseph's ineffective assistance of counsel claim lacks merit, then the Bittaker model of restoration of position is inapt. If Joseph was not the victim of ineffective assistance of counsel, then there is not the same rationale for unwinding the privilege waiver and treating the privileged material as if it had never been disclosed. If a court completely bars use of the privileged material after denying a motion to suppress, the court risks placing a defendant in a better position than he was in before he waived his privilege. That is, a defendant could claim ineffective assistance of counsel, be deemed to have waived the attorney-client privilege, lose the suppression motion, then present evidence in complete contradiction to the privileged information presented during suppression hearings, all the while secure in the knowledge that such contradictory evidence could not be rebutted by the Government. This could serve as an invitation to present a very weak ineffective assistance of counsel claim for the very purpose of immunizing oneself at trial while presenting false evidence. Of course, this court has no basis for thinking that Joseph would actually present perjured testimony, and the court is certainly not here suggesting that

6

Joseph would do that. But, in making the present ruling, the court has to envision a myriad of hypothetical situations precisely because the court cannot know what will occur at trial.

The court recognizes that the same possibility of false evidence exists if the court finds ineffective assistance of counsel, suppresses evidence, and then bars any use of privileged material, even in impeachment and rebuttal. But at least false evidence could be presented in that instance only if a defendant established ineffective assistance of counsel, not an easy task at all. That is, the "immunity" from impeachment or rebuttal would not have resulted from a contrived ineffective assistance of counsel claim, as could conceivably be the case with an unsuccessful ineffective assistance of counsel claim.

The court is not discounting the very real possibility (and, indeed, the probability) that any ineffective assistance of counsel claim in the present case is made in good faith and could not reasonably be considered contrived, regardless of whether it is successful or not. The court is well aware that, in the companion state court case, the state court judge, after finding no waiver of the attorney-client privilege in connection with Joseph's ineffective assistance of counsel claim (a ruling affirmed by the Hawaii Supreme Court), found on the record before the state court that there had indeed been ineffective assistance of counsel. State v. Joseph, 109 Haw. 482, 488-93, 128 P.3d 795,

801-06 (Haw. 2006) (laying out the findings of fact and the conclusions of law as determined by the state trial court).  This court, having not yet heard the evidence relating to Joseph's ineffective assistance of counsel claim, cannot predict whether it will reach the same or a different result.  Obviously, the record before this court, given the waiver ordered by this court, will be different from the evidence before the state court.  The court mentions this by way of acknowledging that it has no reason to ascribe any bad motive to the moving party here.  But the court still has to prepare for the worst case scenario.

       Bittaker does not speak to the difference between use of privileged information in a prosecution case and use for impeachment or rebuttal because Bittaker had to address the issue only in the context of a ruling that there had indeed been ineffective assistance of counsel.  This court has more possibilities before it.  This court rules that, if it finds ineffective assistance of counsel and suppresses Joseph's statement as a result, privileged information may not be used at all by the Government in any part of the trial.  However, if the court does not find ineffective assistance of counsel and does not base its suppression ruling on such a finding, then the Government may not use privileged information in its case in chief but may use it for impeachment or in rebuttal.

In making this ruling, the court recognizes that it is putting Joseph to a difficult choice.  Certainly, Joseph is entitled to claim ineffective assistance of counsel.  Bittaker recognized the danger in making a defendant choose between vindicating his right to effective assistance of counsel and his right to a fair trial in which he retains the attorney-client privilege.  Id. at 723.  This court is trying to fashion a ruling that is fair to both sides in this case by separating the Government's case-in-chief from impeachment and rebuttal.

Separating the admissibility for impeachment and rebuttal from the admissibility in a prosecution case is routine in suppression rulings that do not involve privileged information.  That is, courts have held, outside the privilege context, that, even when a defendant's statement is suppressed based on a constitutional violation, it is still admissible for impeachment or rebuttal if the defense offers evidence contrary to the statement. See, e.g., Mincey v. Arizona, 437 U.S. 385, 397-98 (1978) (noting that statements taken in violation of the Fifth Amendment Miranda right are admissible for impeachment purposes if the statement is reliable); Harris v. New York, 401 U.S. 222, 225-26 (1971) (holding that the Fifth Amendment right against self-incrimination does not preclude the use of evidence obtained in violation of Miranda for impeachment purposes); Pollard v. Galaza, 290 F.3d 1030, 1033 (9th Cir. 2002) ("Although

9

a statement, taken in violation of [a defendant's Fifth Amendment rights], may not be used substantively in the prosecution's case-in-chief, such a statement, if voluntary, may be used for impeachment should the Defendant choose to testify inconsistently."). It is thus not a far stretch for this court to rule that if a statement is **not** suppressed, it may be used for impeachment or rebuttal purposes. Such a ruling offers more protection in the privilege context than is available to a defendant in other contexts that allow impeachment or rebuttal use when a statement **is** suppressed.

The parties are invited to consider whether, like the discovery order in Bittaker, this order is immediately appealable. See United States v. Howard, 480 F.3d 1005, 1011 (9th Cir. 2007) (applying the collateral order doctrine in an appeal in a criminal case); see also Flanagan v. United States, 465 U.S. 259, 266 (1984) (noting that the Court has applied the collateral order doctrine with the "utmost strictness" in criminal cases).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 8, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**United States v. Rodney Joseph, Jr.**; **CR. No. 06-00080 (02) SOM; ORDER REGARDING USE OF PRIVILEGED INFORMATION AS REBUTTAL EVIDENCE AT TRIAL.**