IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RODNEY JOSEPH (02),<br><br>Defendant. | ) | Cr. No. 06-00080 SOM (02)<br><br>ORDER DENYING RODNEY JOSEPH'S MOTION TO STAY PROCEEDINGS PENDING ADJUDICATION OF HIS INTERLOCUTORY APPEAL |

ORDER DENYING RODNEY JOSEPH'S MOTION TO STAY PROCEEDINGS PENDING ADJUDICATION OF HIS INTERLOCUTORY APPEAL

I. INTRODUCTION.

Defendant Rodney Joseph was charged in an eight-count Second Superseding Indictment filed on October 12, 2006. A jury trial is scheduled in this matter for February 12, 2008. The parties have been informed that this is a firm trial date, as at least one Defendant, Kai Ming Wang, is in custody, and has long been objecting to continuances of the trial date. Defendant Wang has gone so far as to seek a severance of this case so that, in part, he can go to trial as soon as possible.

On August 1, 2007, Joseph filed a motion to suppress evidence claiming that his Miranda rights had been violated and that his counsel had been ineffective. See Motion to Suppress (Doc. No. 404). This court had initially thought that it might address these arguments separately. However, the court subsequently determined that the issues are so intertwined that they should be determined together.

Because Joseph asserted that his prior counsel was ineffective, the court granted the Government's motion, based on fairness grounds, that the court deem the attorney-client privilege waived by that assertion. Joseph has not appealed this determination and, on or before January 7, 2008, the Government interviewed Joseph's prior counsel about matters formerly covered by the attorney-client privilege.

On January 8, 2008, this court issued a ruling pertaining to the Government's use of the privileged matters in subsequent proceedings. Joseph has appealed this ruling and now seeks a stay of this proceeding pending the determination of his appeal. Although the court previously noted to counsel that its January 8, 2008, ruling might be immediately appealable, the court reconsiders that statement. The court rules that, because the January 8, 2008, ruling regarding use of evidence at trial is not immediately appealable, this court should not sever Joseph from this case and try him separately at a later date. Accordingly, the court denies Joseph's motion to stay.

## II. BACKGROUND.

Joseph's Motion to Suppress Evidence was originally set for hearing on October 29, 2007. See Notice of Hearing of Motion (Doc. No. 405). This motion claims that Joseph's Miranda rights had been violated and that his counsel had been ineffective. See Motion to Suppress (Doc. No. 404).

On October 5, 2007, the Government filed a motion seeking a determination that Joseph had waived the attorney-client privilege with respect to matters relating to his claim of ineffective assistance of counsel. See Motion for Order Finding Waiver of Attorney-Client Privilege (Doc. No. 433).

On October 17, 2007, the court announced that it would hear the privilege waiver motion on October 24, 2007. See Notice of Hearing of Motion (Doc. No. 467). That same day, the hearing on Joseph's motion to suppress evidence was continued to November 15, 2007. See Notice of Hearing of Motion (Doc. No. 469). This continuance allowed briefing and argument regarding the waiver of the attorney-client issue before the hearing on Joseph's motion to suppress.

On October 29, 2007, the court orally granted the Government's motion, and a written order was filed the following day stating that Joseph had waived his attorney-client privilege with respect to the matters raised by his ineffective assistance of counsel claim. See Order Regarding Partial Waiver of Attorney-client Privilege with Respect to Defendant's Motion to Suppress Statement and Evidence (Doc. No. 506). Although the parties had not briefed the issue of use of the privilege material in subsequent proceedings, the court noted:

> In connection with Joseph's motion to suppress, the Government may freely interview and may use statements by Evans concerning

> Joseph's ineffective assistance of counsel claims. The Government may also call Evans as a witness in connection with Joseph's motion to suppress based on Evans's alleged ineffective assistance of counsel. The Government, however, may not use any statement or call Evans in further proceedings unrelated to Joseph's motion to suppress based on alleged ineffective assistance of counsel. Only if Joseph opens the door at trial by himself testifying or by presenting evidence contrary to what Evans has stated may the Government call Evans in rebuttal and use Evans's statements to impeach Joseph's evidence.
>
> If any party objects to the prohibition on the Government's use of Evans's statement in its case in chief or to the allowing of the use of Evans's statement by the Government in rebuttal if the defense presents contrary evidence, that party should immediately notify the court of such objection. If possible, any such objection shall be submitted to the court before Evans is even interviewed concerning Joseph's ineffective assistance of counsel claims.

Id. at 5-6.

On November 1, 2007, Joseph filed objections to this court's tentative ruling that attorney-client privilege matter could be used at trial. See Defendant Joseph's Objection To Order Regarding Partial Waiver of Attorney-client Privilege with Respect to Defendant's Motion to Suppress Statement and Evidence (Doc. No. 510).

On November 2, 2007, the court entered an order asking Joseph to submit legal authority supporting his objections and requesting that the Government submit its position with respect

to use of privileged matter at trial. See Entering Order (Doc. No. 515).

On November 16, 2007, by agreement of the parties, Joseph's motion to suppress evidence was continued to December 13, 2007. See Entering Order (Doc. No. 531). On December 13, 2007, the motion was again continued to January 10, 2008. See Docket Entry (Dec. 13, 2007).

On December 27, 2007, at a hearing in connection with another motion, the court held a discussion with the parties about the scope and use of Joseph's waiver of the attorney-client privilege. In light of the Government's intention to file a brief on the matter, the court withdrew its earlier order regarding the use of the attorney-client privilege matter. See Order Withdrawing (Pending Further Briefing) Portion of "Order Regarding Partial Waiver of Attorney-client Privilege with Respect to Defendant's Motion to Suppress Statement and Evidence" (Doc. No. 577). The court then attempted to set forth a schedule to determine the scope of the use of privileged information in light of the February 12, 2008, trial date in this case, this court's upcoming multiple-week trial in United States v. Bennett, Crim. No. 06-00068 SOM, the then-existing state court murder trial arising out of the same events underlying this action, and the other Defendant's Speedy Trial Act rights. The court stated that, if the Government submitted its brief by January 7, 2008,

this court would attempt to issue a ruling by January 8, 2008, on the issue. At that time, the court noted that the Government would be interviewing Joseph's prior counsel, and Joseph did not object to such an interview.

After receiving the Government's position statement, the court, on January 8, 2008, issued its Order Regarding Use of Privileged Information as Rebuttal Evidence at Trial (Doc. No. 584). Because the privileged information received by the Government would be used in further proceedings, this court held:

> if it finds ineffective assistance of counsel and suppresses Joseph's statement as a result, privileged information may not be used at all by the Government in any part of the trial. However, if the court does not find ineffective assistance of counsel and does not base its suppression ruling on such a finding, then the Government may not use privileged information in its case in chief but may use it for impeachment or in rebuttal.

Id. at 8.

On January 10, 2008, Joseph's motion was continued to February 1, 2008. See Entering Order (Docket Entry Jan. 10, 2008).

On January 10, 2008, Joseph also filed a Notice of Appeal of this court's January 8, 2008, order. See Notice of Appeal (Docket No. 591). Joseph did not appeal this court's order determining that he had waived the attorney-client privilege by filing a motion claiming ineffective assistance of

counsel. Instead, the appeal was limited to the court's January 8, 2008, order regarding the use of the privileged material that the Government already had because it had interviewed Joseph's former counsel. Id.

On January 14, 2008, Joseph filed the present motion to stay this matter pending the Ninth Circuit's determination of his interlocutory appeal of this court's January 8, 2008, order regarding the use of the attorney-client privilege matter already disclosed to the Government. See Motion for Stay of Proceedings Pending Interlocutory Appeal (Docket No. 594). Along with that motion, Joseph filed a sealed declaration of his counsel. This court had asked Joseph's counsel to submit such a declaration describing how Joseph would be prejudiced by the possibility of the privileged information being presented to the jury. The court explained to Joseph that prejudice would be a chill on presentation of defense evidence. The declaration does not provide the requested information.

III. ANALYSIS.

The Ninth Circuit generally has jurisdiction to review "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. A decision is final for purposes of § 1291 when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. See United States v. Griffen, 440 F.3d 1138, 1141 (9th Cir.), cert. denied, 127 S. Ct.

259 (2006). The purpose of this finality rule is to prevent the delays and disruptions that may be caused by an immediate appeal of pretrial orders. Id.

However, there is a narrow exception, called the "collateral order" exception, to the final judgement requirement for appeals. "[A]n interlocutory decision is appealable as a 'collateral order' when it '(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.'" Id. (quoting Sell v. United States, 539 U.S. 166, 176 (2003)). "Collateral orders are therefore limited to those situations where the right asserted is one that must be upheld prior to trial if it is to be enjoyed at all, or when the practical effect of the order will be irreparable by any subsequent appeal." Griffen, 440 F.3d at 1142 (quotations and citations omitted). The typical collateral order that is immediately appealable is a denial of a motion to dismiss on double jeopardy grounds. See United States v. Elliot, 463 F.3d 858, 863 (9th Cir.) ("Denial of a defendant's pretrial motion to dismiss an indictment on double jeopardy grounds is immediately appealable as a collateral order under 28 U.S.C. § 1291."), cert. denied, 127 S. Ct. 568 (2006). In such a case, forcing a defendant to suffer the burden of a successive trial is exactly what the double jeopardy clause seeks to prevent.

Joseph asserts that the collateral order rule should be applied here. The Ninth Circuit has ruled that a claim of attorney-client privilege is immediately appealable under the collateral order rule. See Griffen, 440 F.3d at 1141-42; accord Bittaker v. Woodford, 331 F.3d 715, 717-18 (9th Cir. 2003) (en banc). In Griffen, the defendant filed an interlocutory appeal of a district court order requiring a special master to deliver to the Government letters written by the defendant to his wife, who was also his attorney. Id. at 1140. The Ninth Circuit applied the three-factor test to determine that the order compelling discovery was immediately appealable. First, the order conclusively determined the disputed question of whether the Government was entitled to read the material. Second, appellate review would resolve an important question completely separate from the merits of the criminal case. Third, the erroneous disclosure of the privileged material before trial was exactly the type of harm that the defendant was seeking to avoid. Id. It is this third factor that is particularly instructive.

At first blush, Joseph’s claim of attorney-client privilege appears to be governed by the Ninth Circuit’s Griffen decision. As in Griffen, this court’s order conclusively determines the disputed question of the extent that privileged material may be used at trial. Appellate review would also resolve an important question completely separate from the merits

of the criminal case. However, Joseph's case fails the third prong of the collateral order test. That is, Joseph's appeal is reviewable on appeal from a final judgment. Unlike Griffen, Joseph's appeal does not seek to prevent the Government from erroneously discovering information. In fact, the Government has already met with Joseph's former counsel and therefore knows the material formerly covered by the attorney-client privilege. Joseph's appeal involves this court's determination that, under certain circumstances, the privileged material already known to the Government may be used at trial. Accordingly, his appeal involves an evidentiary ruling and does not involve a situation in which one of his rights must be upheld before trial if that right is to be enjoyed at all. Unlike in Griffen, there is no "real possibility" that "privileged information would be irreparably leaked" to the Government if this court mistakenly determined the scope of the use of the privileged material at trial. See United States v. Austin, 416 F.3d 1016, 1023 (9th Cir. 2005).

Bittaker is similarly distinguishable. In Bittaker, the Ninth Circuit, sitting en banc, determined that a district court's protective order was also immediately appealable as a collateral order. Bittaker had been convicted and had filed a § 2254 petition asserting claims of ineffective assistance of counsel. Bittaker, 331 F.3d at 716. The district court,

determining that Bittaker had waived the attorney-client privilege with respect to his ineffective assistance of counsel claims, issued a protective order limiting the use of the privileged material to the habeas proceeding. Id. at 716-17. The en banc appellate court determined that the district court's protective order was immediately appealable because, in part, there was a possibility that privileged matters would be improperly turned over to the Government pursuant to the protective order. Id. at 717-18. If Bittaker had turned over the privileged materials to the Government and the protective order was found to be invalid, his privilege would have been lost and the Government could have used that material in any subsequent proceeding. Id. By contrast, Joseph's appeal does not relate to the disclosure of privileged material.

Joseph's appeal is more like the situation presented in Austin, 416 F.3d 1016. In that case, the Ninth Circuit determined that an order was not immediately appealable as a collateral order. Id. at 1024. Although Austin involved a claim of attorney-client privilege, the defendants did not identify any specifically privileged information that was going to be turned over to the Government and, in fact, conceded that the material might not have been privileged at all. Id. at 1023. The defendants had entered into a joint defense agreement and, when one of the defendants withdrew from that agreement, the district

court determined that discussions held between the defendants at the jail without their lawyers present were not privileged. Id. at 1019. Because there was no identifiable privilege that would have been lost if information was provided to the Government, Austin determined that the third prong of the collateral order test was not satisfied. Id. at 1023 ("we cannot defy precedent to conclude that Defendants' nonexistent privilege claims involve an important right the legal and practical value of which would be lost if review had to await final judgment.").

As in Austin, Joseph's appeal does not involve the Government being given privileged information pursuant to a court order or a denial of Joseph's right to keep that information to himself. To the contrary, the Government already knows the contents of the privileged communications between Joseph and his former attorney. Given the court's and Joseph's attorney's schedules, the approaching trial date affecting other Defendants, the need for this court to hold an evidentiary hearing on the matters raised in Joseph's motion to suppress, as well as the well-established rule that a client waives his or her attorney-client privilege by raising claims of ineffective assistance of counsel, Joseph understandably did not object to the Government's interview of his former attorney as to his claims of ineffective assistance of counsel. However, because the Government now has the privileged information, there is no possibility that Joseph's

appeal involves a matter that would be essentially unreviewable on an appeal from the final judgment entered in this matter. Instead, Joseph may challenge on such an appeal this court's ruling that privileged material may be presented to the jury if Joseph's suppression motion is denied. This determination is buttressed by Joseph's failure to identify any prejudice flowing from the later presentation of privileged information to the jury.

Because Joseph's appeal does not involve an appealable collateral order, this court denies his motion to stay his case pending the outcome of his appeal. The court notes, in any event, that his appeal will be moot if this court determines that Joseph received ineffective assistance of counsel. In that event, this court has ruled that the privileged matters may not be used at trial.

IV. CONCLUSION.

For the reasons set forth above, Joseph's motion to stay this proceeding pending his interlocutory appeal is denied without a hearing.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 22, 2008.




/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States v. Joseph, Crim. No. 06-00080 SOM (02); ORDER DENYING RODNEY JOSEPH'S MOTION TO STAY PROCEEDINGS PENDING ADJUDICATION OF HIS INTERLOCUTORY APPEAL