IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00080 SOM |
| | ) | |
| Plaintiff, | ) | ORDER UNSEALING THREE |
| | ) | GOVERNMENT MOTIONS FOR DOWNWARD |
| vs. | ) | DEPARTURE AND DENYING LODGED EX |
| | ) | PARTE MOTIONS TO SEAL DEFENSE |
| RODNEY JOSEPH, JR., (02) | ) | FILINGS |
| KEVIN A. GONSALVES, (03) | ) | |
| ETHAN MOTTA, (05) | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER UNSEALING THREE GOVERNMENT MOTIONS FOR DOWNWARD DEPARTURE
AND DENYING LODGED EX PARTE MOTIONS TO SEAL DEFENSE FILINGS

The court has before it two ex parte motions lodged with the Clerk of the Court: (1) Defendants Rodney Joseph, Jr.'s, Kevin A. Gonsalves' and Ethan Motta's Ex Parte Motion For Sealing of Defendants' Joint Declaration and Joint Memorandum, and (2) Defendant Ethan Motta's Ex Parte Motion to Seal. Both ex parte motions are denied. As both ex parte motions were prominently stamped "sealed," the court does not file the ex parte motions. Similarly, the materials that the ex parte motions sought to file under seal are not filed at all at this point, and Defendants may therefore consider whether they want to file those materials unsealed.

In denying the ex parte motions, the court is unpersuaded that there is a substantial risk of tainting the jury pool if the court requires the papers the parties have shared with the court to be filed in unsealed form. Indeed, the court now unseals the

Government's pending motions for downward departure in this case (Docket Nos. 812, 813, and 814), originally filed under seal pursuant to a standing districtwide order.  Those particular motions contain no information requiring sealing.

In this case, the court is concerned that allowing the sealed filings would prevent this court from fully addressing certain assertions that the parties may make.  This case does not involve run-of-the-mill sentencing issues.  The court is fully prepared to allow appropriate sealed filings.  If, for example, a filing details an ongoing investigation, the court will allow that filing to be sealed.  In that event, the attorneys and the court will be careful not to specifically articulate the filing's details at a hearing in open court.  No such circumstance has been presented here.

To the contrary, certain assertions are contained in paragraph 4 of one of the two declarations submitted to the court with the ex parte motions.  Those assertions are so vague and broad as to be unpersuasive and uninformative, particularly under the circumstances of this case.  The court well recalls certain scheduling issues that make the court question the causal connections asserted in paragraph 4, and the court might well want counsel for an individual mentioned in paragraph 4 to review those assertions and address the court concerning them.  In short, the court is concerned that allowing sealed filings here

would restrict the court's ability to obtain all the information it needs to make its rulings. The sentencing hearing will not, in any event, be a sealed proceeding, so the court sees no reason to allow sealed filings of matters that will have to be fully aired in open court.

        This court stresses that, under the circumstances before the court, the court will not feel justified in finding a factual basis for granting the Government's pending motions for downward departure in the absence of specific and detailed information. If any party claims to have provided assistance to the Government, the court will want to know with some specificity what that assistance was. Absent specificity, the court will be unable to determine whether the Government needed that assistance. If, for example, the assistance took the form of information that the Government already had before a party claims to have provided it, the court would be hard pressed to accept that the party provided substantial assistance. So far, the court considers the information provided by the parties to this case in connection with the pending Government motions to be impermissibly vague.

```
        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 19, 2008.
```



```
                            /s/ Susan Oki Mollway
                           Susan Oki Mollway
                           United States District Judge
```

United States of America v. Joseph, et al.; Cr. No. 06-00080 SOM; ORDER UNSEALING THREE GOVERNMENT MOTIONS FOR DOWNWARD DEPARTURE AND DENYING LODGED EX PARTE MOTIONS TO SEAL DEFENSE FILINGS