IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00080 (02) SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING SECOND MOTION |
| vs. | ) | FOR NEW TRIAL |
| | ) | |
| RODNEY JOSEPH, JR. (02), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING SECOND MOTION FOR NEW TRIAL

I.      INTRODUCTION.

On March 20, 2009, after 18 days of trial and 7 days of jury deliberations, Defendant Rodney Joseph, Jr., was convicted of various crimes. See Verdict Form as to Defendant (02) Rodney Joseph, Jr., (March 20, 2009) (Docket No. 1090). On June 23, 2009, Joseph filed a second motion for new trial, arguing that co-Defendant Matthew Taufetee, a Government witness, had lied to the Government and this court. Taufetee had previously pled guilty and was convicted in this case. As one of the terms of his sentence, Taufetee was required to refrain from gambling. He did not do so.

In December 2008, Fituina F. Tua, a Senior United States Probation Officer with this Court, apparently was told that Taufetee had been gambling. Tua contacted the Criminal Intelligence Unit of the Honolulu Police Department and the Federal Bureau of Investigation. See Statement of Facts attached to Request for Course of Action (May 8, 2009) (Docket No. 1118).

On March 30, 2009, after Taufetee had testified against Joseph and after the verdict was filed, Taufetee went to the court's Probation Office. While there, he admitted that he had violated the special condition of his sentence that he refrain from gambling. Taufetee told the court's probation officer that he had been gambling on a weekly basis, winning approximately $20,000 since he had been sentenced. Id.

Joseph argues that, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, he is entitled to a new trial because the Government violated his rights under Brady v. Maryland, 373 U.S. 83 (1963). Joseph says that because the FBI was told that Taufetee might be gambling in December 2008, before Taufetee testified in this case, the Government should have disclosed to Joseph that Taufetee had possibly been violating a term of his sentence. This court is unpersuaded and denies Joseph's second motion for a new trial without a hearing.

II.     ANALYSIS.

Rule 33(a) of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." The burden of justifying a new trial rests with the defendant, see United States v. Endicott, 869 F.2d 452, 454 (9th Cir. 1989), and a

"motion for new trial is directed to the discretion of the judge." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981); accord United States v. Mack, 362 F.3d 597, 600 (9th Cir. 2004) (reviewing the denial of a motion for new trial under Rule 33(a) under an abuse of discretion standard).  "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal, United States v. Alston, 974 F.2d 1206, 1211 (9th Cir. 1992), as a new trial may be granted by the district court when the "interest of justice so requires." Fed. R. Crim. P. 33(a).

The Ninth Circuit applies a five-part test for determining whether a new trial should be afforded a defendant:

> "(1) [T]he evidence must be newly discovered;
> (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal."

United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005) (quoting United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991)).[1]  Of course, the latter three factors are somewhat duplicative.  See, e.g. United States v. Krasny, 607 F.2d 840,

---

[1] This five-part test was reiterated in United States v. Hinkson, 526 F.3d 1262, 1277 (9th Cir. 2008). The Ninth Circuit, however, heard the Hinkson case en banc in December 2008 and a decision is still pending. It is not clear to this court that the test for a new trial was in issue before the en banc court.

3

845 n.3 (9th Cir. 1979) (noting that "that the newly discovered evidence be Material and that it Probably would produce an acquittal on retrial, are really two means of measuring the same thing").

The character of the defendant's newly discovered evidence determines how the probability requirement in the new trial test is applied--a defendant is not entitled to a new trial unless the evidence indicates that it is more probable than not that the new trial will result in acquittal.  This rule applies to newly discovered evidence that indicates that evidence presented at trial may have been perjured or false.  See Krasny, 607 F.2d at 845.

Joseph argues that this court should exercise its discretion and grant him a new trial based on an alleged Brady violation.  Joseph, however, fails to establish an entitlement to a new trial under the applicable Ninth Circuit test.

The court has little doubt that Joseph could establish the first prong of the test--that the evidence was newly discovered.  It does not appear that Taufetee's gambling habit was conclusively established until after the guilty verdict in this case.  There is no reason that Joseph should have known that the court's probation officer had previously asked the FBI to look into the matter.

Nor can there be any suggestion that Joseph lacked diligence with respect to discovering Taufetee's gambling addiction--the second factor of the test.  There is no reason for Joseph to have known what Taufetee was doing until long after the trial.  Joseph filed his second motion for new trial within a reasonable time after the matter became public.

The problem with Joseph's argument is that the evidence of Taufetee's gambling addiction does not satisfy the third, fourth, and fifth prongs of the test.  That is, even assuming the Government was required by Brady to tell Joseph that Taufetee was gambling (a determination that this court is not making), Taufetee's violation of a term of his sentence is merely impeaching evidence.  If that evidence were introduced at a new trial, it is unlikely that the new trial would result in an acquittal given the overwhelming evidence presented by the Government.  As Joseph admits in his motion, Taufetee was only "one of many key 'insider' witnesses who cooperated with the [G]overnment in this case."  Motion at 4 (emphasis added).  Even if Joseph is correct in portraying Taufetee as a "unique offender who was respected and trusted by other conspirators," the evidence of his gambling addition is not so great as to make an acquittal of Joseph likely if he were granted a new trial.  The evidence of Taufetee's gambling addiction therefore fails to meet the "materiality" prong of the test.

The court is not here ruling that impeaching evidence could never be "material." As the Ninth Circuit has recognized, newly discovered impeachment evidence could be so powerful that, if believed, it would render a witness's testimony incredible. See United States v. Davis, 960 F.2d 820, 825 (9th Ci. 1992) ("In some situations . . . , the newly-discovered impeachment evidence may be so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible. In such a case, if the witness' testimony were uncorroborated and provided the only evidence of an essential element of the government's case, the impeachment evidence would be 'material' . . . ."). But here, even if the evidence would have made Taufetee unbelievable, Taufetee was not so important a witness that a rejection by the jury of his testimony would have resulted in a different verdict. The court's recollection of Taufetee's testimony is that it was cumulative and corroborated by other witnesses and was not the only evidence of any essential element of the Government's case. This court disagrees with Joseph's characterization of evidence of Taufetee's recent gambling as "seriously cast[ing] doubt on the veracity of all of the cooperating witnesses." The evidence would have tended to impeach Taufetee, but certainly would not have impeached other witnesses. Because Joseph fails to satisfy the five-part test for a new trial, he has failed to establish that a new trial is

required in the "interest of justice."  Accordingly, his second motion for a new trial is denied.

III.     CONCLUSION.

For the foregoing reasons, Joseph's second motion for a new trial is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2009.



    /s/ Susan Oki Mollway  
Susan Oki Mollway
United States District Judge

<u>United States of America v. Joseph</u>, Crim. No. 06-00080 SOM (02); ORDER DENYING SECOND MOTION FOR NEW TRIAL