IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 06-00080 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | RODNEY JOSEPH'S THIRD MOTION |
| vs. | ) | FOR NEW TRIAL (DOCKET |
| | ) | NO. 1178); ORDER DENYING |
| RODNEY JOSEPH (02), | ) | DEFENDANT ETHAN MOTTA'S |
| ETHAN MOTTA (05), | ) | MOTION TO COMPEL DISCOVERY |
| | ) | AND FOR DISMISSAL OF CHARGES |
| Defendants. | ) | OR FOR A NEW TRIAL (DOCKET |
| | ) | NO. 1184); ORDER DENYING |
| | ) | DEFENDANT ETHAN MOTTA'S |
| | ) | MOTION FOR CERTIFICATE OF |
| | ) | COMPLIANCE FROM GOVERNMENT |
| | ) | STATING THAT DOCUMENTS |
| | ) | REQUESTED BY THE DEFENSE HAVE |
| | ) | BEEN DISCLOSED (DOCKET NO. |
| _____ | ) | 1190) |

ORDER DENYING DEFENDANT RODNEY JOSEPH'S THIRD MOTION
FOR NEW TRIAL (DOCKET NO. 1178); ORDER DENYING DEFENDANT
ETHAN MOTTA'S MOTION TO COMPEL DISCOVERY AND FOR DISMISSAL OF
CHARGES OR FOR A NEW TRIAL (DOCKET NO. 1184);
ORDER DENYING DEFENDANT ETHAN MOTTA'S MOTION FOR CERTIFICATE OF
COMPLIANCE FROM GOVERNMENT STATING THAT DOCUMENTS REQUESTED BY
THE DEFENSE HAVE BEEN DISCLOSED (DOCKET NO. 1190)

I.      JOSEPH'S THIRD MOTION FOR A NEW TRIAL IS DENIED.

On September 21, 2009, Defendant Rodney Joseph filed a third motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Docket No. 1178).[1]  Joseph argues that he is entitled to a new trial because Joseph recently discovered new evidence indicating that the Government violated

---

[1] Joseph stated that he was bringing the motion under Rule 35 of the Federal Rules of Criminal Procedure, but that rule pertains to correcting or reducing a defendant's sentence.  The court has therefore deemed the motion to have been brought under Rule 33.

his rights under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose impeaching evidence as to Matthew Taufetee and David Brown, witnesses at trial.[2]  This court denies the motion.

Rule 33(a) of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment."  The burden of justifying a new trial rests with the defendant, see United States v. Endicott, 869 F.2d 452, 454 (9th Cir. 1989), and a "motion for new trial is directed to the discretion of the judge."  United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981); accord United States v. Mack, 362 F.3d 597, 600 (9th Cir. 2004) (reviewing the denial of a motion for new trial under Rule 33(a) under an abuse of discretion standard).  "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal, United States v. Alston, 974 F.2d 1206, 1211 (9th Cir. 1992), as a new trial may be granted by the district court when the "interest of justice so requires."  Fed. R. Crim. P. 33(a).

---

[2]Joseph initially brought the motion with respect to impeachment of Jonnaven Monalim, as well.  However, Joseph has since withdrawn the motion with respect to Monalim, conceding that he received Brady material for Monalim.

Joseph's Rule 33 motion is procedurally barred, as a Rule 33 motion for a new trial "grounded on newly discovered evidence" may not be granted by this court when an appeal is pending. See Fed. R. Crim. P. 33(b)(1) ("If an appeal is pending, the court may not grant a motion for new trial until the appellate court remands the case."). Joseph appealed his conviction, sentence, and judgment to the Ninth Circuit on July 10, 2009. See Notice of Appeal (July 10, 2009) (Docket No. 1159). Accordingly, this court denies Joseph's motion. The court notes, in any event, that for the reasons set forth in the court's June 26, 2009, denial of Joseph's second motion for a new trial with respect to Taufetee, and for the reasons set forth below with respect to Brown, this court declines to indicate a willingness to grant the motion if the Ninth Circuit were to remand the matter.

II.     MOTTA'S MOTION TO COMPEL DISCOVERY, DISMISS CHARGES, OR FOR A NEW TRIAL IS DENIED.

Like Joseph, Motta asserts that the Government violated its Brady obligations with respect to Monalim and Brown. Joseph seeks disclosure of all Brady material not previously disclosed, dismissal of the charges, and/or a new trial. Motta's motion is denied because it lacks a factual basis.

Motta argues that, with respect to Monalim, the Government failed to timely disclose payments of $1,000, $2,000, and $7,500. However, as set forth in Joseph's withdrawal of his

motion with respect to Monalim, those "payments" were timely disclosed to Motta. See Declaration of Counsel ¶¶ 2(a)-(b) (Oct. 14, 2009) ("On or about October 12, 2009, I was informed by Richard Pafundi, attorney for co-defendant Ethan Motta, that he had spoken with Charles Carnesi, Motta's previous attorney, and Carnesi stated that prior to Jonnaven Monalim's testimony, the government produced copies of the payment vouchers which are attached as exhibits to Joseph's Motion for New Trial.") and ("On or about October 13, 2009, I obtained a partial transcript of the court proceedings of March 5, 2009, wherein Assistant United States Attorney Thomas Brady references said payment vouchers as being part of the materials being provided to defense counsel."); see also Declaration of Thomas Brady ¶ 14 (Oct. 14, 2009) ("Prior to Jonnaven Monalim's testimony on March 5, 2009, a complete packet of information was provided to Reginald Minn, counsel for Rodney Joseph, Jr., as well as Charles Carnesi, counsel for Ethan Motta.  That packet of information included an FBI payment schedule to Mr. Jonnaven Monalim.").  Accordingly, Motta has failed to demonstrate a Brady violation with respect to Monalim.

Motta has also failed to demonstrate a Brady violation with respect to Brown.  As set forth in Joseph's motion, Brown was the subject of wiretaps.  However, the Government has indicated that, by 2006, several years before Motta's trial, it had determined that there "was no evidence to support any charges

4

against David Brown." See Opposition to Joseph's Third Motion for New Trial at 6 (Oct. 14, 2009).  Accordingly, by the time Brown testified, the Government's investigation of him and subsequent determination that there was no evidence that he had been involved with crimes was not exculpatory or impeaching evidence favorable to Motta that had to be disclosed under Brady. See Strickler v. Greene, 527 U.S. 263, 280 (1999) (Brady requires disclosure of impeachment and exculpatory evidence to the accused).

III.   THE COURT DENIES MOTTA'S MOTION FOR CERTIFICATE OF COMPLIANCE FROM GOVERNMENT STATING THAT DOCUMENTS REQUESTED BY THE DEFENSE HAVE BEEN DISCLOSED.

On October 14, 2009, Motta filed a motion seeking an order that the Government certify that it has complied with all of its obligations regarding disclosure of documents and other discovery.  That request is denied, as Motta fails to present any basis for the action he requests.  This court is unaware of any requirement regarding such certification, and, as noted above, Motta does not establish a basis for the court to question the Government's compliance.  The court declines to impose such a requirement under the post-trial circumstances presented here.

IV.   CONCLUSION.

For the foregoing reasons, the court denies Joseph's Third Motion for New Trial (Docket No. 1178), Motta's Motion to Compel Discovery and for Dismissal of Charges or for a New Trial

(Docket No. 1184), and Motta's Motion for Certificate of Compliance from Government Stating That Documents Requested by the Defense Have Been Disclosed (Docket No. 1190).

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, October 22, 2009.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

United States of America v. Rodney Joseph, Crim. No. 06-00080-02; ORDER DENYING DEFENDANT RODNEY JOSEPH'S THIRD MOTION FOR NEW TRIAL (DOCKET NO. 1178); ORDER DENYING DEFENDANT ETHAN MOTTA'S MOTION TO COMPEL DISCOVERY AND FOR DISMISSAL OF CHARGES OR FOR A NEW TRIAL (DOCKET NO. 1184); ORDER DENYING DEFENDANT ETHAN MOTTA'S MOTION FOR CERTIFICATE OF COMPLIANCE FROM GOVERNMENT STATING THAT DOCUMENTS REQUESTED BY THE DEFENSE HAVE BEEN DISCLOSED (DOCKET NO. 1190)