IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00080 (02) SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING FOURTH MOTION |
| vs. | ) | FOR NEW TRIAL (DOCKET |
| | ) | NO. 1271) |
| RODNEY JOSEPH, JR. (02), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING FOURTH MOTION FOR NEW TRIAL (DOCKET NO. 1271)

I.      INTRODUCTION.

On March 20, 2009, after a lengthy trial, Defendant Rodney Joseph, Jr., was convicted of various crimes. See Verdict Form as to Defendant (02) Rodney Joseph, Jr., (March 20, 2009) (Docket No. 1090).  On July 10, 2009, he filed his appeal.  On January 28, 2010, Joseph filed a fourth motion for new trial, arguing that the Government had failed to disclose impeaching evidence concerning Jonnaven Monalim, a Government trial witness. Joseph says that, on September 29, 2009, he discovered that Monalim might have received Government assistance in connection with a state parole revocation hearing held two years earlier, in October 2007.  Joseph says that the state parole board gave Monalim special treatment in 2007, allowing Monalim to "walk-in" to the hearing, rather than be arrested and brought to the hearing by law enforcement officials.  Joseph notes that, although the parole board revoked Monalim's parole, it set a relatively short review time of three-months.  Because the parole

board noted at the October 2007 hearing that it was taking into account Monalim's substantial assistance to federal authorities, Joseph contends that, under Brady v. Maryland, 373 U.S. 83 (1963), the Government should have disclosed that assistance to Joseph for use in his trial. See Strickler v. Greene, 527 U.S. 263, 280 (1999) (Brady requires disclosure of impeachment and exculpatory evidence to the accused). Joseph argues that, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, he is entitled to a new trial.

Joseph's fourth motion for a new trial is denied. Because Joseph has appealed his judgment and conviction to the Ninth Circuit Court of Appeals, the motion is procedurally barred. This court also declines to indicate a willingness to grant the motion for a new trial if the Ninth Circuit were to remand the matter because the newly discovered evidence is merely impeaching and would not have made a difference at trial.

II.     ANALYSIS.

Rule 33(a) of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." The burden of justifying a new trial rests with the defendant, see United States v. Endicott, 869 F.2d 452, 454 (9th Cir. 1989), and a

"motion for new trial is directed to the discretion of the judge." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981); accord United States v. Mack, 362 F.3d 597, 600 (9th Cir. 2004) (reviewing the denial of a motion for new trial under Rule 33(a) under an abuse of discretion standard).  "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal, United States v. Alston, 974 F.2d 1206, 1211 (9th Cir. 1992), as a new trial may be granted by the district court when the "interest of justice so requires." Fed. R. Crim. P. 33(a).

Joseph's Rule 33 motion is procedurally barred, as a Rule 33 motion for a new trial "grounded on newly discovered evidence" may not be granted by this court when an appeal is pending.  See Fed. R. Crim. P. 33(b)(1) ("If an appeal is pending, the court may not grant a motion for new trial until the appellate court remands the case.").  Joseph appealed his conviction, sentence, and judgment to the Ninth Circuit on July 10, 2009.  See Notice of Appeal (July 10, 2009) (Docket No. 1159). Accordingly, this court denies Joseph's motion.  The court notes in addition that, for the reasons set forth below, it declines to indicate a willingness to grant the motion if the Ninth Circuit were to remand the matter.

The Ninth Circuit applies a five-part test for determining whether a new trial should be afforded a defendant. The defendant must prove:

> (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial.

United States v. Hinkson, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc) (citing United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005)).  Of course, the latter three factors are somewhat duplicative.  See, e.g. United States v. Krasny, 607 F.2d 840, 845 n.3 (9th Cir. 1979) (noting that the requirement "that the newly discovered evidence be Material and that it Probably would produce an acquittal on retrial, are really two means of measuring the same thing").

The court is not questioning whether Joseph could establish the first and second prongs of the test--that the evidence was newly discovered and that he was diligent in seeking that evidence.  The court knows of no reason that Joseph should have known about the Government's alleged involvement in Monalim's October 2007 state parole revocation proceeding.  The problem with Joseph's argument is that the evidence does not satisfy the third, fourth, and fifth prongs of the test.  That is, even assuming the Government was required by Brady to tell

4

Joseph that Monalim had received assistance from the Government in connection with his parole revocation proceeding (a determination that this court is not making and recognizes that the Government would object to), the evidence is merely impeaching.  The evidence did not go to the substance of Monalim's testimony, but instead to his credibility.  As such, the evidence is also cumulative, as the jury already knew that Monalim had been cooperating with the Government in hopes of receiving favorable treatment.  If that evidence were introduced at a new trial, it is unlikely that the new trial would result in an acquittal given the overwhelming evidence presented by the Government.  Because Joseph fails to satisfy the five-part test for a new trial, he fails to establish that a new trial is required in the "interest of justice."  Accordingly, the court declines to indicate a willingness to grant Joseph's fourth motion for a new trial.

　　　To the extent Joseph has requested that this court strike the Government's opposition to his motion, that request is denied.  Joseph filed his fourth motion for a new trial on January 28, 2010.  On February 2, 2010, this court ordered the parties to submit opposition and reply memoranda pursuant to the nonhearing motion schedule set forth in the local rules.  Joseph says that the Government untimely filed its opposition on February 23, 2010, and therefore asks that it be stricken.  While

Joseph is correct in noting that the Government filed its opposition late, Joseph asserts no prejudice.  His request is therefore denied.

III.     CONCLUSION.

For the foregoing reasons, Joseph's fourth motion for a new trial is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 12, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Joseph, Crim. No. 06-00080 SOM (02); ORDER DENYING FOURTH MOTION FOR NEW TRIAL (DOCKET NO. 1271)