```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )   CR. NO. 06-00080 SOM
                             )
          Plaintiff,         )   ORDER DENYING MOTION FOR
                             )   RECONSIDERATION OF THE DISTRICT
     vs.                     )   COURT'S DENIAL OF DEFENDANT'S
                             )   MOTION FOR APPOINTMENT OF
RODNEY JOSEPH, (02)          )   COUNSEL AND STAY OF DISCOVERY
ETHAN MOTTA,   (05)          )   PROCEEDINGS
                             )
          Defendants.        )
_____)
```

ORDER DENYING MOTION FOR RECONSIDERATION OF
THE DISTRICT COURT'S DENIAL OF DEFENDANT'S MOTION FOR
<u>APPOINTMENT OF COUNSEL AND STAY OF DISCOVERY PROCEEDINGS</u>

This court denies the reconsideration motion filed by Defendant Ethan Motta.

Motta first seeks reconsideration of this court's denial of his renewed request for appointment of counsel. He argues that "the appointment of counsel should not be based solely on Defendant[']s competency." In declining to appoint counsel, this court did not rely "solely" on Motta's ability to effectively advocate on his own behalf. That was clearly a factor that this court did weigh, but this court also had in mind all of the factors already set forth in this court's order, filed on April 27, 2012, denying Motta's earlier motion.

Motta additionally seeks reconsideration of this court's denial of a request that discovery be stayed. The request for a stay was included in a request for judicial notice. The court reads the request for a stay as turning on the court's

taking of judicial notice.  As the court is not taking the requested judicial notice, no stay is ordered.

The court notes that Motta's reconsideration motion bears a signature date of September 30, 2012, which was before this court filed its Order Denying Defendant Ethan Motta's Discovery Requests on October 1, 2012.  As of September 30, 2012, Motta had this court's oral order denying his multiple requests for judicial notice, but Motta had no ruling on the separate discovery requests.  At this point, no discovery is occurring, so there is nothing to stay.

Much of the reconsideration motion addresses what Motta says is a failure by the Government to provide pretrial discovery that the Government says it did indeed provide.  Motta characterizes this court as "more inclined to rule in favor of the government, simply because the prosecutor is an officer of the Court and based on this inclination the Defendant ask[s] in all fairness that the Court scrutinize[] or dispute[] the government[']s claim just as it disputed Defendant[']s claim that the criminal rap sheets in question were not included in the defense trial exhibits and as such may not have been turned over to the defense."  Motta misapprehends this court's attitude.  The court is not "more inclined to rule in favor of the government simply because the prosecutor is an officer of the Court." Instead, the court is looking at whether Motta, as the party

moving for relief, has satisfied his burden of persuading the court that he is entitled to what the requests in issue sought. Motta does not meet his burden.

Motta's reconsideration motion does not identify an error of law or any erroneous factual finding by the court. Instead, Motta relies on what he says are inferences the court should draw. The inferences, however, do not follow from the record.

First, as Motta himself notes, the absence of material from a trial exhibit list is not evidence that it was not properly provided to defense counsel, as defense attorneys do not typically list as trial exhibits all materials provided by the Government. Second, Motta requested that his pretrial counsel submit a statement that the Government had not provided the materials in issue, and counsel provided no such statement. This suggests that counsel does not agree with Motta's assertion. Third, Defendant Rodney Joseph, who is represented by counsel, has joined in Motta's post-appeal motions for new trial but has notably not joined in Motta's discovery motions, which assert a failure by the Government to provide materials before trial. Again, this suggests that Joseph's counsel is not in agreement with Motta. Fourth, Motta appears to be arguing that the court should give him a chance to take discovery so that he can determine whether he has additional grounds for seeking a new

3

trial.  But discovery is not intended to create grounds for seeking a new trial.  Motta's deadline for moving for a new trial has passed, and he needed a good faith basis for moving for a new trial before he filed any motion for a new trial and before taking discovery.

For the reasons set forth above, this court denies the reconsideration motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 10, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Motta, et al., Cr. No. 06-00080 SOM, ORDER DENYING MOTION FOR RECONSIDERATION OF THE DISTRICT COURT'S DENIAL OF DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND STAY OF DISCOVERY PROCEEDINGS