```
                 IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,       )   CR. NO. 06-00080-02 SOM
                                )
              Plaintiff,        )   MEMORANDUM OF LAW
                                )
         vs.                    )
                                )
RODNEY JOSEPH, JR. (02)         )
                                )
              Defendant.        )
                                )
_____)
```

                            MEMORANDUM OF LAW

        Defendant RODNEY JOSEPH's instant motion under

28 U.S.C. § 2255 to vacate, set aside, or correct sentence is

premised, in part, upon the alleged ineffective assistance of his

retained attorney Reginald Minn, Esq.  Mr. Minn represented

Defendant JOSEPH pretrial, during trial and also served as his

appellate counsel.

        Defendant has lodged in his motion, a claim of

ineffective assistance of counsel by his former attorney for

ineffectively raising an objection or appeal of the District

Court's imposition of the mandatory minimum sentence of life.

         Given Defendant's allegations, this Court should order

that Defendant has waived attorney-client privilege with respect

to his prior legal representation by his counsel Reginald Minn,

Esq. and counsel can submit declarations, be interviewed and/or

called as witnesses, if necessary, and the files reviewed for

relevant evidence.

>Federal law is clear that:

>attorney-client privilege 'was intended as a shield, not a sword'. [citation omitted] in other words, '(a) defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes'.

Cos v. Administrator, U.S. Steel, 17 F.3d 1387, 1417 (11th Cir. 1994), modified, 30 F.3d 1347 (11th Cir.), *cert. denied*, 115 S.Ct. 900.

By making his direct accusations of ineffective assistance against trial and appellate counsel in this case, Defendant has waived all attorney-client privilege with respect thereto. In the illustrative case of Laughner v. United States, 373 F.2d 326 (5th Cir. 1967), the defendant has alleged in a § 2255 action, ineffective assistance of his retained defense counsel. When the former defense counsel was called as a witness at the evidentiary hearing, defendant objected on the basis of attorney-client privilege. In utterly rejecting defendant's contention, the Fifth Circuit said:

>We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this postconviction proceeding with respect to the factual issues raised by appellant's motion. Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense

>     failed to discharge his responsibilities
>     properly, appellant now proposes to invoke
>     the privilege accorded confidential
>     communications between an attorney and his
>     client to eliminate the one source of
>     evidence likely to contradict his
>     allegations.  We are unable to subscribe to
>     this proposition.  The privilege is not an
>     inviolable seal upon the attorney's lips.  It
>     may be waived by the client; and where, as
>     here, the client alleges a breach of a duty
>     to him by the attorney, we have not the
>     slightest scruple about deciding that he
>     thereby waives the privilege as to all
>     communications relevant to that issue.

373 F.2d at 327.

In Henderson v. Heinze, 349 F.2d 67, 70-1 (9th Cir. 1965), the Ninth Circuit similarly observed:

>     If the communications by petitioner's
>     [former defense] counsel to petitioner . . .
>     are within the privilege, we hold that the
>     privilege was waived when petitioner claimed
>     in his habeas corpus proceeding that his
>     right to be free of unreasonable search and
>     seizure had been violated.  In the usual
>     case, only the petitioner and his counsel are
>     possessed of knowledge concerning the
>     'deliberate' character of his failure to
>     raise a defense.  Were we to hold that the
>     facts in this regard may not be the
>     legitimate subject of inquiry in a habeas
>     corpus proceeding [due to attorney-client
>     privilege], no basis would exist upon which
>     the District Court could exercise its
>     discretion other than upon the bare
>     assertions of the petitioner.  We refuse to
>     countenance such result.

These holdings are also entirely consistent with the American Bar Association's Model Rules of Professional Conduct ("Model Rules")

adopted by this Court in L.R.83.3.  Rule 1.6 of the Model Rules provides as follows:

> (b)  A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>
> (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge, or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

## CONCLUSION

The allegation in Defendant JOSEPH's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence necessitate the waiver of the attorney-client privilege in order for this Court to hear all of the relevant evidence regarding the alleged issues of ineffective assistance of counsel.  For the foregoing reason, the United States of America submits that the instant motion should be granted and the appended, proposed Order issued by this Court.

DATED: May 23, 2013, at Honolulu, Hawaii.

Respectfully submitted,

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

 /s/ Thomas J. Brady
By THOMAS J. BRADY
Assistant U.S. Attorney