IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00080 (02) SOM |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER CONSTRUING "NOTICE OF |
| vs. | ) | APPEAL" FILED ON MARCH 6, |
| | ) | 2014, AND EXTENDING TIME TO |
| RODNEY JOSEPH, JR. (02), | ) | FILE NOTICE |
| Defendant. | ) | |

**ORDER CONSTRUING "NOTICE OF APPEAL"
FILED ON MARCH 6, 2014, AND
EXTENDING TIME TO FILE NOTICE**

This order concerns the effect of a "Notice of Appeal" filed by Defendant Rodney Joseph, Jr., on March 6, 2014. That document, for reasons explained in this order, has not so far led to appellate proceedings, but, to the extent it should have, this order seeks to give that document its intended effect.

This order is part of a very lengthy case involving allegations that Joseph and others had killed and attempted to kill people. On March 20, 2009, after a lengthy jury trial, Defendants Rodney Joseph and Co-Defendant Ethan Motta were convicted of having violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Violent Crimes in Aid of Racketeering Enterprise Act ("VICAR"), as charged in the Second Superseding Indictment of October 12, 2006. See Verdict Form as to Defendant (02) Rodney Joseph, Jr., (March 20, 2009), ECF No. 1090; Verdict Form as to Defendant (05) Ethan Motta (March 20, 2009), ECF No. 1092. They received mandatory life sentences.

On July 10, 2009, Joseph appealed his conviction and sentence. See ECF No. 1159. On November 30, 2009, Motta appealed his conviction and sentence. See ECF No. 1263.

The Ninth Circuit affirmed the convictions and sentences in a Memorandum Decision filed on January 10, 2012. See ECF No. 1341.

Joseph and Motta filed innumerable motions as pro se litigants, some while awaiting the Ninth Circuit's decision. For example, to meet the deadline set by Rule 33 of the Federal Rules of Civil Procedure, Motta filed, in March 2012, a Third Motion for New Trial. Motta followed up with a Fourth Motion for New Trial and an additional Motion for New Trial. See ECF Nos. 1345, 1350, and 1358. Joseph filed joinders in two of these motions. See ECF Nos. 1349 (joining in ECF No. 1345) and ECF No. 1391 (joining in ECF No. 1350).

On April 15, 2013, Joseph filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See ECF No. 1466.

On December 17, 2013, Motta withdrew his motions for new trial. See ECF No. 1520. Under Local Rule 7.9, which took effect on December 1, 2009, "[u]nless otherwise ordered by the court, whenever an underlying motion is withdrawn, any joinders are also treated as withdrawn." Local Rule 7.9 is specifically made applicable to criminal cases by Criminal Local Rule 12.3.

2

Accordingly, when Motta withdrew his motions for new trial, the court stated that it was treating Joseph's joinders in those motions as withdrawn. See ECF No. 1521. In treating a joinder as dependent on the underlying motion, the court relieves the joining party of the need to comply with certain rules that otherwise govern the timing of motions. See Local Rule 7.2 (civil motions cannot be heard sooner than 35 days after service); Crim. Local Rule 12.2(d) (criminal motions cannot be heard sooner than 21 days after service). But the benefit of such relief is not cost-free. As a matter of fairness to the party opposing a motion that has been joined in, when the underlying motion is withdrawn, the court treats any joinder therein as also withdrawn. To avoid the risk of withdrawal, a party may choose to file its own motion instead of joining in another party's motion. In the present case, cognizant that Joseph might be taken by surprise and seeking to alleviate any prejudice to him, the court allowed him to file a supplemental memorandum in support of his pending § 2255 petition. Id.

On December 27, 2013, Joseph filed a request that he be deemed not to have joined in the withdrawal of the motions for new trial. See ECF No. 1522. That request was denied in an order filed on January 6, 2014. See ECF No. 1523. Joseph then filed a document that included a "Motion Reconsideration" and a "Motion Notice of Appeal if Motion for Reconsideration rule 33,

3

34, is not heard, pro se." The court denied relief to Joseph on February 5, 2014. See ECF Nos. 1528 and 1529. The court told Joseph that, to the extent he was seeking appellate review of the court's ruling, he did not need the court's permission to file a "Notice of Appeal." See ECF No. 1529.

On March 6, 2014, the court received a document from Joseph that Joseph said he had placed in the prison mail system on February 27, 2014. See ECF No. 1540. Citing Rule 6 of the Federal Rules of Civil Procedure (emphasis added), that document contains the headings "Motion 'Notice of Appeal,'" "Motion to Joinder Co-Defendant ETHAN MOTTA'S 28 USC 2255, Pro-se," and "PLEASE consider EXTENSION for EXCUSABLE NEGLECT." Id. Notwithstanding this court's earlier instruction that no permission was needed to appeal, this document appeared to be "moving" for a notice of appeal while also asking this court to allow joinder in Motta's § 2255 petition and citing a civil procedure rule. This court thought Joseph was continuing to seek action by this court.[1]

On March 10, 2014, the court issued a minute order that acknowledged that a prison lockdown had prevented Joseph from meeting the applicable 14-day reconsideration deadline. The court therefore considered the arguments raised in the filing of

---

[1]The docket clerk, however, entered a notation that Joseph appeared to be seeking an extension of the appeal deadline.

4

March 6, 2014, and denied what it thought was Joseph's repeated request for reconsideration of the court's order denying his motion to "not join" in the withdrawal of the new trial motions. See ECF No. 1541. Joseph did not inform this court that its order of March 10, 2014, had misconstrued his filing of March 6, 2014.

There are more than 1,500 docket entries in this case, and this court misconstrued the document docketed on March 6, 2014. In hindsight, the document seems to be a clear attempt by Joseph to file the very notice of appeal this court had earlier told Joseph he could file without leave of court. But the court had in mind the prior "motion" also referring to a "notice of appeal" that was contingent on a refusal by this court to rule on a reconsideration motion.

On July 24, 2014, this court received a letter from Joseph to the Ninth Circuit Court of Appeals that the Ninth Circuit forwarded to this court. In the letter, Joseph asks the status of the appeal filed in March 2014 concerning this court's treatment of his joinders in the motions for new trial. At this time, this court hastens to correct its treatment of Joseph's filing.

Finding that the prison lockdown constitutes good cause to extend the time for the filing of Joseph's appeal from this court's minute order dated February 5, 2014, this court extends

that time by 30 days pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure.  The original appeal deadline of February 19, 2014, is therefore extended to March 21, 2014.  The Clerk of the Court is directed to treat Joseph's filing of March 6, 2014, ECF No. 1540, as his Notice of Appeal and to transmit material to the Ninth Circuit accordingly.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 31, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Joseph, Crim. No. 06-00080 SOM (02); ORDER CONSTRUING "NOTICE OF APPEAL" FILED ON MARCH 6, 2014, AND EXTENDING TIME TO FILE NOTICE.