IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00080 (02) SOM |
|---|---|---|
| | ) | CIV. NO. 13-00178 SOM/KSC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING RULE 59(e) |
| | ) | MOTION FILED BY DEFENDANT |
| RODNEY JOSEPH, JR. (02), | ) | RODNEY JOSEPH, JR. |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING RULE 59(e) MOTION FILED BY
DEFENDANT RODNEY JOSEPH, JR.**

## I.   INTRODUCTION.

Defendant Rodney Joseph, Jr., has been a prolific pro se filer. The present motion seeks to alter or amend the judgment against him with respect to a motion he filed under 28 U.S.C. § 2255, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Because Joseph fails to demonstrate any legitimate reason supporting his Rule 59(e) motion, the motion is denied.

## II.   PROCEDURAL HISTORY.

On March 20, 2009, after a lengthy jury trial, Joseph was convicted of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Violent Crimes in Aid of Racketeering Enterprise Act ("VICAR"), as charged in seven counts in the Second Superseding Indictment of October 12, 2006. See Verdict Form as to Defendant (02) Rodney Joseph, Jr., (March 20, 2009), ECF No. 1090. Joseph's crimes included a substantive RICO

violation of 18 U.S.C. § 1962(c), with racketeering acts in the form of an illegal gambling business, an extortion conspiracy, and robbery (Count 1); a RICO conspiracy in violation of 18 U.S.C. § 1962(c) (Count 2); a conspiracy to operate an illegal gambling business in violation of 18 U.S.C. § 1955 and 18 U.S.C. § 2 (Count 3); a VICAR violation in the form of an assault with a dangerous weapon in violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2 (Count 4); a VICAR violation in the form of the murder of Lepo Taliese in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2 (Count 6); a VICAR violation in the form of the murder of Romelius Corpuz, Jr., in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2 (Count 7); and a VICAR violation in the form of the attempted murder of Tinoimalo Sao in violation of 18 U.S.C. § 1959(a)(5) and 18 U.S.C. § 2 (Count 8). Id.

On July 9, 2009, the court sentenced Joseph to life in prison as to Counts 6 and 7, as statutorily required; 20 years in prison as to Counts 1, 2, and 4; 5 years in prison as to Count 3; and 10 years in prison as to Count 8. The court ran all terms concurrently. See ECF No. 1157. Notwithstanding Joseph's life imprisonment sentence, the court also ordered 5 years of supervised release in case that should become applicable. Id. The court additionally ordered Joseph to pay restitution of $5,552.68 to the family of Lepo Taliese, $5,552.68 to the family of Romelius Corpuz, Jr., and $8,000 to the State of Hawaii Crime

Victim Compensation Commission. This restitution was owed jointly and severally with co-Defendants Ethan Motta and Kevin Gonsalves. Id. The court also ordered Joseph to pay $700 in mandatory special assessments, $100 for each count of conviction. Id.

On July 10, 2009, Joseph appealed. See ECF No. 1159. The Ninth Circuit affirmed the judgment in a Memorandum Decision filed on January 10, 2012. See ECF No. 1341.

Since then, Joseph has filed countless motions, an incomplete catalog of which is included here. On April 15, 2013, Joseph filed 1) a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1466; 2) a "Combined Notice of Intent to File 28 USC 2255 Motion to Vacate, Modify, or Correct Sentence By a Person in Federal Custody, Satisfaction of Judgment, and Request for Bail Thereon," ECF No. 1467; and 3) a motion to hold his § 2255 motion in abeyance, ECF No. 1468.

On April 17, 2013, the court terminated Joseph's motion to hold his § 2255 motion in abeyance as unnecessary. See ECF No. 1469.

On May 13, 2013, Joseph filed "Combined Motions to Vacate the Judgements." See ECF No. 1475.

On August 19, 2013, the Government filed its responses to the § 2255 Motion and "Combined Motions to Vacate the Judgments." See ECF Nos. 1504 and 1505.

On August 30, 2013, Joseph filed "Combined Motions for <u>Bartkus vs. Illinois</u> Evidentiary Hearing on Double Jeopardy Grounds." <u>See</u> ECF No. 1509.

Joseph had previously joined in Co-Defendant Motta's Motions for New Trials, filed in the criminal case before Joseph filed his § 2255 Motion. <u>See</u> ECF Nos. 1349 and 1391. When Motta withdrew the new trial motions, the court terminated Joseph's joinders in those motions pursuant to this court's local rule governing joinders. <u>See</u> ECF No. 1521. On December 18, 2013, recognizing Joseph's inability to pursue the arguments raised in his co-Defendant's withdrawn new trial motions, the court granted Joseph leave to file an optional supplemental memorandum of no more than 3000 words in support of his § 2255 Motion. <u>See</u> <u>id.</u> The optional memorandum had to be filed no later than January 31, 2014, and was to be limited "to matters that were timely raised in Joseph's § 2255 motion." <u>Id.</u> The court told Joseph that, if he chose not to file the optional memorandum, the court would consider briefing with respect to his § 2255 Motion to be closed. <u>Id.</u>

On January 21, 2014, the court granted Joseph's request for an extension of the deadline for filing his optional

4

supplemental memorandum, setting a new deadline of February 14, 2014.  See ECF No. 1526.

On February 18, 2014, Joseph filed "Combined Objections and Rebuttal."  See ECF No. 1530.  This 108-page document far exceeded the 3000-word limitation set forth in the court's order of December 18, 2013.  For that reason, the court only considered the first 15 pages of the document, which appeared to include a little more than 3000 words.  See ECF No. 1532.

On February 27, 2014, the court denied Joseph's § 2255 Motion, which it deemed to consist of ECF Nos. 1466, 1475, and 1509.  See ECF No. 1537.  Given the length and lack of clarity of Joseph's filings, the court delayed the entry of judgment to allow Joseph to indicate to the court whether the court might have inadvertently failed to rule on any issue.  Joseph was given until March 24, 2014, to identify any such issue.  See id., PageID # 16195.

On March 28, 2014, Joseph filed a motion for reconsideration of the order of February 27, 2014.  See ECF No. 1546.  On April 17, 2014, Joseph filed a motion for leave to file an amended § 2255 motion and a second motion to reconsider.  See ECF Nos. 1550 and 1551.  On May 1, 2014, Joseph finally identified issues he said that he had raised but that the court had not decided in its order of February 27, 2014.  See ECF No. 1560.

5

On September 9, 2014, the court denied the various motions filed after the court had denied Joseph's § 2255 Motion. See ECF No. 1603. Judgment against Joseph was entered the same day.

On October 6, 2014, Joseph filed the present motion under Rule 59(e) of the Federal Rules of Civil Procedure. See ECF No. 1613. Joseph filed an Amended Memorandum in support of that motion on November 3, 2014. See ECF No. 1620.

**III.     RULE 59(e) STANDARD.**

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend a judgment. Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995). A "district court enjoys considerable discretion in granting or denying" a Rule 59(e) motion. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting Federal Practice and Procedure § 2810.1). See also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion"). A Rule 59(e) motion may be granted on any of four grounds: (1) a manifest error of law or fact on which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and

(4) an intervening change in controlling law. McDowell, 197 F.3d at 1255 n.1 (quoting Federal Practice and Procedure § 2810.1). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." See Kona Enter., Inc. v. Estate of Bishop, 229 F.2d 877, 890 (9th Cir. 2000).

**IV.    ANALYSIS.**

        **A.    The Court Did Not Overlook ECF Nos. 1467 and 1468.**

Joseph first seeks relief under Rule 59(e), arguing that the court overlooked the arguments he made in ECF Nos. 1467 and 1468. Joseph is incorrect. On April 17, 2013, the court terminated Joseph's motion to hold his § 2255 Motion in abeyance, filed at ECF No. 1469. The court's ruling addressed the same argument raised in ECF No. 1467. Joseph wanted to hold his § 2255 Motion in abeyance until he received discovery. The court noted that, because it would be addressing the new trial motions filed in the criminal case before addressing Joseph's § 2255 Motion, Joseph would have many months to address the concerns raised in his April 2013 filing, including his concern that he could not at that time prepare a proper § 2255 motion without "discovery." The court also warned Joseph that the "statutory time restrictions cannot be extended by the filing of supplemental memoranda."

7

The court notes that ECF No. 1467 made the argument that, because Joseph had paid the $700 required by statute (presumably a reference to the special assessment of $100 per count), he should be released. That argument was rejected in the court's order denying his § 2255 Motion. See ECF No. 1537, PageID #s 16183-85.

> **B. The Court Was Not Required To Inform Joseph That it Intended to Treat his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1466, as a § 2255 Motion.**

Citing Castro v. United States, 540 U.S. 375 (2003), Joseph argues that the court should have told him that it would be construing his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 1466, as a § 2255 motion. But that case is inapplicable. Castro examined the widely accepted practice in the federal courts of recharacterizing pro se filings as something other than what pro se litigants label them as. The Supreme Court noted that the practice of recharacterizing a pro se filing might have the effect of depriving a litigant of an opportunity to file a § 2255 motion, as "second or successive" motions under § 2255 are prohibited unless a litigant gets certification that

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a

8

> whole, would be sufficient to establish by
> clear and convincing evidence that no
> reasonable factfinder would have found the
> movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by
> the Supreme Court, that was previously
> unavailable.

The Supreme Court held that, before recharacterizing a pro se filing as a § 2255 motion, a court must "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." Id. at 383.

This court did not recharacterize Joseph's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed at ECF No. 1466. Joseph himself characterized his motion as brought under § 2255, and this court accepted Joseph's own characterization. The court allowed Joseph to supplement his motion. See ECF Nos. 1475, 1509. The court simply did not deprive Joseph of his opportunity to exercise rights under § 2255. In fact, the court went out of its way to ensure that it addressed every timely raised argument,

9

giving Joseph the opportunity to inform the court of any issue the court may have overlooked. See ECF No. 1537, PageID # 16195.

### C. Although Courts Liberally Construe Pro Se Filings, Pro Se Litigants Are Still Required to Follow Court Rules.

Joseph complains that this court applied standards too strictly to him given his pro se status. He argues that this court should have let him file his 108-page supplemental memorandum, even though the court had expressly limited that document to 3000 words. Joseph demonstrates no error justifying relief under Rule 59(e).

Joseph had filed innumerable documents and motions, many of which are not discussed in this order. In an effort to ensure that briefing did not continue indefinitely, the court placed a 3000-word limitation on any supplemental brief. Joseph ignored that limitation. The court was under no obligation to contenance this clear flouting of an explicit limitation.

On May 1, 2014, Joseph identified 12 issues that he said he had raised in his § 2255 Motion but that the court had allegedly not addressed in the order denying the motion. See ECF No. 1560. None of these issues was actually raised in the original timely filed § 2255 Motion. Instead, each was raised for the first time in Joseph's supplemental filing of February

10

18, 2014.  The first of those issues was raised on page 49 of that brief.  This was the very brief that the court had limited to 3000 words.  The court had earlier warned Joseph that the "statutory time restrictions cannot be extended by the filing of supplemental memoranda."  <u>See</u> ECF No. 1469.  Joseph therefore should not have been surprised by the court's refusal to allow him to raise new issues in a supplemental memorandum filed 10 months after he filed his original § 2255 motion and many pages beyond the limit set by the court.  <u>See</u> 28 U.S.C. § 2255(f) (setting forth a one-year limitation period for motions brought pursuant to § 2255).

Nor does Joseph demonstrate that any of the grounds this court supposedly failed to address entitles him to relief under § 2255.  For example, he does not show with respect to any of the matters his motion discusses how he overcomes the procedural bars or defaults discussed in the court's order of February 27, 2014.  Instead, he only generally asserts, without more, that he should have been allowed to proceed on untimely claims raised on pages exceeding the court's briefing limitation.  This is not sufficient for relief under Rule 59(e).

11

### D. To the Extent Joseph's Filings Were Unclear, This Court Had No Duty to Do More Than It Did to Clarify the Filings.

Joseph claims that this court should have asked him to clarify matters if the court was uncertain as to what he was arguing. Rather than invite a prolific pro se filer to submit more paper to the court, the court attempted to glean from Joseph's filings what arguments he was attempting to make. The court's attempts in that regard included giving Joseph a chance to identify any issue the court may have missed. Thus, Joseph himself could have clarified matters for the court. He did not do so. Even in the present motion he does not identify how the court misconstrued any of his arguments.

To the extent he is arguing that his 108-page supplemental memorandum was intended to be an amended memorandum, rather than a supplemental memorandum, that does not excuse the ignoring of the court-imposed word limitation. Joseph did not have permission to file an amended memorandum. In fact, by the time he filed his 108-page supplemental memorandum, the Government had filed its response to his original Motion, so that amending the original Motion would have been patently unfair. See ECF No. 1603, PageID #s 17442-44.

Joseph was not allowed to skirt the expired one-year limitation period by filing an amended memorandum that raised new issues for the first time. The new issues would have constituted a "second or successive" motion for which he lacked certification from the Ninth Circuit. The proposed amended memorandum would have resulted in undue delay and included new claims that had been rejected by the Ninth Circuit or by this court, or were simply unpersuasive.

### E. Joseph's Disagreement With This Court's Ruling Does Not Justify Relief Under Rule 59(e).

As this court explained in its order of September 9, 2014, Joseph's mere disagreement with the court's evaluation of his claims is not a valid basis for reconsidering the order. See ECF No. 1603, PageID # 17439. In Joseph's latest motion, he asserts the importance of a rope found in a van. See ECF No. 1620, PageID # 17650. This court has already discussed and rejected this assertion. See ECF No. 1603, PageID # 17439; ECF No. 1537, PageID #s 16176-78. Rule 59(e) relief is not warranted just because Joseph believes the court should have evaluated his claim differently.

## V. CONCLUSION.

Joseph's motion under Rule 59(e) of the Federal Rules of Civil Procedure is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 20, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States of America v. Joseph, Crim. No. 06-00080 SOM (02); Civ. No. 13-00178 SOM/KSC; ORDER DENYING RULE 59(e) MOTION FILED BY DEFENDANT RODNEY JOSEPH, JR.