IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00080 (02) SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | SECOND MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| RODNEY JOSEPH, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE**

**I.       INTRODUCTION.**

On March 20, 2009, after a lengthy jury trial, Rodney Joseph, Jr., was convicted of having violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Violent Crimes in Aid of Racketeering Enterprise Act ("VICAR"), as charged in seven counts in the Second Superseding Indictment of October 12, 2006.  *See* Verdict Form as to Defendant (02) Rodney Joseph, Jr., (March 20, 2009), ECF No. 1090.  Joseph's crimes included a substantive RICO violation of 18 U.S.C. § 1962(c), with racketeering acts in the form of an illegal gambling business, an extortion conspiracy, and robbery (Count 1); a RICO conspiracy in violation of 18 U.S.C. § 1962(c) (Count 2); a conspiracy to operate an illegal gambling business in violation of 18 U.S.C. § 1955 and 18 U.S.C. § 2 (Count 3); a VICAR violation in the form of an assault with a dangerous weapon in

violation of 18 U.S.C. § 1959(a)(3) and 18 U.S.C. § 2 (Count 4);
a VICAR violation in the form of the murder of Lepo Taliese in
violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2 (Count 6);
a VICAR violation in the form of the murder of Romelius Corpuz,
Jr., in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2
(Count 7); and a VICAR violation in the form of the attempted
murder of Tinoimalo Sao in violation of 18 U.S.C. § 1959(a)(5)
and 18 U.S.C. § 2 (Count 8). *Id.*

On July 9, 2009, the court sentenced Joseph to life in
prison as to Counts 6 and 7, as statutorily required; 20 years in
prison as to Counts 1, 2, and 4; 5 years in prison as to Count 3;
and 10 years in prison as to Count 8.  The court ran all terms
concurrently.  *See* ECF No. 1157.  Joseph appealed, and the Ninth
Circuit affirmed the judgment in a Memorandum Decision filed on
January 10, 2012.  *See* ECF No. 1341.  He now moves for
compassionate release.

Joseph is currently serving his life sentence at
Victorville Medium II FCI.  *See* https://www.bop.gov/inmateloc/
(input Register Number 95580-022) (last visited October 12,
2023).  Joseph says he has been incarcerated for "nearly 20
years."  *See* ECF No. 1756, PageID # 19689.

Joseph had previously sought compassionate release
under 18 U.S.C. § 3582(c)(1)(A), arguing that he was 53 years old
and obese, and had hypertension and hyperlipidemia.  Given the

amount of time remaining on Joseph's sentence, his history, the totality of the medical information he had submitted, the circumstances at his facility, the availability of the vaccine to him, and the absence of any indication of his reasons for declining the vaccine, this court denied Joseph's request for compassionate release, concluding that extraordinary and compelling circumstances were lacking.  *See* ECF No. 1746.  The Ninth Circuit affirmed.  *See* ECF No. 1754.

**II.      ANALYSIS.**

Joseph's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must initially determine that the

defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request.  If a defendant has satisfied the exhaustion requirement, then the court may only exercise its discretion after examining three considerations.  First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to the motion).  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented whether the requested reduction in sentence is warranted.  *See United States v. Wright*, 42 F.4th 1063, 1070 (9th Cir. 2022)*; United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *Wright*, 42 F.4th at 1070-71.

### A.  Joseph Has Failed to Satisfy the Exhaustion Requirement of 18 U.S.C. § 3582(c)(1)(A).

Joseph has not satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  First, the email submitted to the court that supposedly shows his request was

addressed to "2ndChance4Freedom@gmail.com," not to the warden of Joseph's facility.

Even if the court takes Joseph at his word that he actually submitted the substance of that document to his warden on June 13, 2023, any such request to the warden did not raise the basis of the present motion. *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021) (indicating that the administrative exhaustion requirement was not satisfied when a request to a warden could not have initiated the administrative process with respect to claims raised in a compassionate release motion). Here, Joseph argues that his mandatory life sentence was too harsh and is therefore an extraordinary and compelling reason supporting compassionate release. The email allegedly sent to the warden states, "There are extraordinary and compelling reasons that militate for a reduction in sentence in my case, especially considering my rehabilitative efforts." ECF No. 1756-1, PageID # 19707. It then notes that Joseph's hypertension (high blood pressure) and age (55 years old) place him at higher risk of death in the event he contracts COVID-19. Id. Nothing in the email could have initiated the administrative process with respect to Joseph's claim in the present motion that his mandatory life sentence was too harsh and is therefore an extraordinary and compelling reason supporting compassionate release."

**B.   This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

The Sentencing Commission has proposed guideline amendments that reflect the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions.  Those are not presently in effect.  *See United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).  This court, however, does consider here the proposed amendments, as, absent congressional action, the Sentencing Commission's proposed amendments will take effect on November 1, 2023.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, https://perma.cc/J7G3-58KM (last visited October 10, 2023).

The Ninth Circuit has expressly recognized that, at least in the absence of amendments, there is no applicable

Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in the version of USSG § 1B1.13 now in effect are not applicable policy statements that are binding on this court, they may inform this court's discretion.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

>    **C.    Joseph Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release.**

Even if Joseph could be said to have satisfied the administrative exhaustion requirement, he does not satisfy § 3582(c)(1)(A)'s second requirement--whether extraordinary and compelling reasons warrant a sentence reduction.  Joseph contends that this court should exercise its discretion and find extraordinary and compelling circumstances justifying his early release based primarily on the argument that his mandatory life sentence is unusually long.  While the court acknowledges the seriousness of Joseph's concern, his argument does not justify early release under the circumstances presented here.

Joseph argues that the average sentence for federal murder is 22 years.  He says his mandatory life sentence demonstrates a drastic sentencing disparity.  However, Joseph was not simply convicted of a federal murder charge.  Instead, in relevant part, he was convicted of a VICAR violation in the form

7

of the murder of Lepo Taliese in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2 (Count 6); and a VICAR violation in the form of the murder of Romelius Corpuz, Jr., in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2 (Count 7). That Congress has chosen to make the penalty for such convictions mandatory life indicates Congress's intent to treat such crimes as more serious than the murder crimes Joseph compares his crimes to.

This court agrees that an inequitable disparity between a defendant's actual sentence and what would likely be his sentence today may be an extraordinary and compelling reason to reduce his sentence. *See United States v. Ngyuen*, 2022 WL 3595090, at *4 (D. Haw. Aug. 23, 2022); s*ee also* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, page 3 of 73, https://perma.cc/J7G3-58KM (indicating that an unusually long sentence may justify compassionate release when a defendant has served at least 10 years of his or her sentence and a change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed") (last visited October 10, 2023). However, the law with respect to Joseph's mandatory life sentence has not changed. *See* 18 U.S.C. § 1959(a)(1). Instead, Joseph is attempting to establish extraordinary and

8

compelling circumstances by comparing sentences for different crimes.

Joseph notes that he attempted to plead guilty to the crimes at issue. *See* Memorandum of Plea Agreement, ECF No. 721; Minutes of Hearing on Motion for Withdrawal of Not Guilty Plea, ECF No. 717. The court, however, denied the Government's Motion for Departure and Sentencing Recommendation, ECF No. 812, in which the Government noted that it and Joseph had stipulated to a sentence of 330 months (27½ years). The Government had argued that Joseph's guilty plea, by itself, substantially assisted the Government. *See id.* However, this court determined that there was no basis to grant the motion based on substantial assistance, which requires more than a guilty plea. *See* ECF No. 861. The court therefore allowed Joseph to withdraw his guilty plea. *Id.* Joseph attempts to compare his mandatory life sentence to the 330-month sentence contemplated by the plea agreement that was never accepted by the court. Joseph argues that that sentencing disparity justifies a reduction of his sentence to 240 to 300 months. *See* Reply, ECF No. 1760, PageID # 19827. This court disagrees.

Joseph has not yet served a sentence equivalent to a 330-month sentence. As the Government notes in its Opposition, "it may be that at some point, his age and time served, in combination with other factors will amount to extraordinary and compelling reasons" justifying compassionate release. ECF No.

9

1759, PageID # 19814.  But that point has not been reached, especially when Joseph has not yet served time equivalent to what the Government thought on a pretrial record would be an appropriate sentence.  In other words, the fact that Joseph has served about 20 years of his sentence does not demonstrate inequitable disparity justifying compassionate release.  This is especially true when Joseph's sentence is compared to the sentence imposed on one of his co-defendants, Kevin A. Gonsalves.

Kevin A. Gonsalves pled guilty to related charges in Criminal No. 08-00576 SOM, which was a case split off from Criminal No. 06-00080 SOM.  The Government and Gonsalves agreed that a 330-month sentence was appropriate for the related crimes charged in that case.  *See* Memorandum of Plea Agreement, ECF No. 08cr00576 SOM, ECF No. 14, PageID # 42.  This court sentenced Gonsalves to a term of 330 months of imprisonment.  *See* ECF No. 08cr00576 SOM, ECF No. 19.  Gonsalves is still serving that sentence and has a projected release date of June 26, 2026.  *See* https://www.bop.gov/inmateloc/ (input Register Number 95581-022) (last visited October 12, 2023).  Joseph fails to explain why he should be treated better than Gonsalves, a co-defendant who pled guilty to related charges and who is still incarcerated.

In so noting, this court is by no means indicating that it intends to reduce Joseph's life sentence at a later date to match the sentence imposed on Gonsalves.  Gonsalves did not plead

10

guilty to the crimes Joseph went to trial on.  The court's understanding is that, after the court rejected the initial plea agreement, the Government offered Joseph the same deal it offered Gonsalves to move to dismiss the VICAR counts and to proceed on counts not carrying a mandatory life sentence.  *See* Information, ECF No. 08-00576 SOM (charging Joseph, Gonsalves, and Ethan Motta); Defendant Joseph's Motion to Continue Trial, ECF No. 873 ("Since July 22, 2008, Assistant United States Attorney Thomas Brady and counsel for the three above-named defendants [Joseph, Gonsalves, and Motta] have been attempting to enter into new plea agreements. . . .  AUSA Brady forwarded drafts of new plea agreements for all three defendants to counsel on or about August 22, 2008."); Order Denying Defendant Joseph's Motion to Continue Trial ("Since July 22, 2008, the parties have apparently been negotiating the terms of a new plea agreement. Joseph seeks a trial continuance to allow more time for the plea negotiations.").

Joseph may now regret having rejected the new plea deal and having proceeded to trial with Defendant Ethan Motta.  Motta continues to serve his mandatory life sentence.  *See* https://www.bop.gov/inmateloc/ (input Register Number 95609-022) (last visited October 12, 2023).  Any regret by Joseph does not at this point warrant compassionate release.

**D.   Section 3553(a) Factors Do Not Support Compassionate Release At This Time.**

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a), one of which is particularly relevant. Joseph is serving a statutorily mandated life sentence for crimes of violence. While Joseph may not be the same person he was when he committed those violent acts, the facts currently before this court do not establish that he is no longer a danger to the community.

Of course, there are factors weighing in favor of Joseph's release. For example, Joseph has completed two dozen self-help courses while incarcerated. *See* ECF No. 1756-3, PageID # 19735. Additionally, Joseph does not appear to have had any recent disciplinary issues, indicating that Joseph is possibly less of a danger to the community if released at this point. *See id.* Joseph plans to live with his wife in Hawaii. *See* ECF No. 1756, PageID #s 19704. The information Joseph provided with respect to his family relationships are encouraging. Nevertheless, while Joseph's recent conduct and family relationships are commendable, these circumstances, on balance, do not support compassionate release at this time.

12

**III.      CONCLUSION.**

Having considered Joseph's mandatory life sentence along with his history and present circumstances, this court determines that the § 3553(a) factors do not at this time support his early release and that extraordinary and compelling reasons warranting a reduction in his sentence at this time have not been shown.  Joseph's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is therefore denied.

The court encourages Joseph to be a model prisoner who helps others in his prison community, continues to better himself while incarcerated, and continues to foster his family relationships.  Whether such efforts will support a compassionate release motion in the future remains to be seen.

It is so ordered.

DATED: Honolulu, Hawaii, October 12, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*United States v. Jospeh*, Cr. No. 06-0080(02) SOM; ORDER DENYING DEFENDANT'S SECIND MOTION FOR COMPASSIONATE RELEASE